## ESTES v. MAYOR AND COUNCIL OF MACON.

1. In a suit by a landowner against a municipal corporation for damages alleged to have resulted from grading its streets in such manner as to leave the land inaccessible by ready approach from the street, it was error for the court to charge that if "the plaintiff could still have met the change in the grade of the city's streets by merely changing the grade of her own street, and in consequence the market value of the property was not decreased, then the plaintiff in this case would not be entitled to recover anything from the city."

2. In such a suit, where the change in the street complained of by the plaintiff was made several months prior to bringing the action and several years prior to the trial of the case, it was error for the court to admit testimony, and to charge the jury thereon, as to a general plan contemplated by the city, which, if carried out in this particular instance, would make further changes in the sidewalk and would diminish the damages to plaintiff's property alleged to have occurred.

3. Other than as above indicated, there was no material error in the rulings complained of.

Argued February 4, — Decided March 25, 1898.

Action for damages. Before Judge Felton. Bibb superior court. April term, 1897.

*Estes & Jones* and *Hardeman, Davis & Turner*, for plaintiff.
*Minter Wimberly*, for defendant.

SIMMONS, C. J. 1. The plaintiff in error, the plaintiff below, owned a lot of land in the city of Macon, Georgia, containing several acres and fronting on a certain street. The front of this lot, on the street, was narrow; while the rear of it was broad. The owner of the lot contemplated opening a street through it, in order that she might divide it up into accessible building lots. As the city street first stood, an avenue could have been opened through this property to the street, and the plaintiff had perfected her plans for opening such an avenue and putting the rear of her land upon the market. The municipal authorities, however, changed the city street by moving the roadway nearer to plaintiff's lot and cutting down the grade of the street so as to leave her lot upon a bluff. By reason of this change, the sidewalk, which was on the grade of the lot line, was above the street, leaving plaintiff's lot inaccessible to vehicles at the point where the avenue through the lot was to

abut on the street.　In the trial of the case, the court instructed the jury that if "the plaintiff could still have met the change in the grade of the city's streets by merely changing the grade of her own street, and in consequence the market value of the property was not decreased, then the plaintiff in this case would not be entitled to recover anything from the city.'　We think this charge was, under the facts, erroneous.　Under the constitution of this State, the public can not take or damage private property without giving therefor just compensation.　The municipal authorities had so changed the grade of the street as to leave the plaintiff's lot much higher than the street, and had thereby rendered it inaccessible to vehicles.　The judge in effect charged the jury that if the plaintiff could grade her street so as to put it on a level with the city's street, she would not be entitled to recover, even though she was put to expense in so doing.　The record shows that, before the municipal authorities graded this street, the lot was accessible.　After the grading of the street, it was to some extent inaccessible.　If the city damaged the property, the owner is entitled to just compensation.　In the case of *City Council of Augusta* v. *Schrameck*, 96 *Ga.* 426, it appeared that the municipal authorities had raised the grade of a street so as to leave Schrameck's property below the level of the street.　This improvement of the street rendered it necessary for Schrameck to fill in his lot and bring it up to the grade established by the city.　This court held that he was entitled to recover, and was entitled to give in evidence "the necessity of filling in the lot and raising the buildings thereon, with the probable cost of such work, not as furnishing a reason for the allowance of such cost as an independent item of special damage, but as a circumstance throwing light upon the general question of the diminution of market value."　The facts of the present case are the reverse of the case just cited.　There the municipal authorities raised the street so as to make it necessary for Schrameck to fill in his lot; here the street has been lowered and the roadway placed nearer plaintiff's lot, so as to make it necessary for her to cut down her approaches in order to make the property accessible.　The principle is the same.　If the jury should find, on the next

trial, that the change in the grade of the city's streets renders it necessary for plaintiff to cut down her lot or her street so as to make her lot accessible, she would be entitled to recover, and she could show the cost of the work, not as an independent item of special damage, but as throwing light upon the question of how much she had been damaged by diminution of the market value of her property, occasioned by the change in the grade of the city's streets.    The judge seems not to have taken this view of the case, but charged that if she could make her lot conform to the grade of the street, and her lot was, therefore, not decreased in market value, she would not be entitled to recover.

2. Within a few months after the change of the grade of the city street, the plaintiff brought her action for damages against the city.    It seems that her case was not tried until several years had elapsed after the change of grade and after the institution of her suit.    Upon the trial, the city engineer was allowed, over the objection of plaintiff, to testify as to the present general plan of the city as to grades, etc., and that if this plan were carried out in this instance, the approach to plaintiff's property would be made easier.    The court charged, in substance, that if the general plan adopted by the city would be carried out, and if in consequence of that fact there was no decrease in the market value of plaintiff's property, she would not be entitled to recover damages for the change of grade.    It seems from the record that this general plan had not been applied to this particular street, nor was there any evidence of any intention on the part of the authorities to do so, though so long a time had elapsed between the time of the change of grade and the time of the trial.    Under the charge of the court, the jury was allowed to consider this general plan and the changes which would be made by a carrying out of this plan, for the purpose of affecting damages incurred by the former changes in the location and grade of the street.    In other words, the jury was allowed to consider a plan which had never been carried out in regard to this particular property; to consider whether, if this plan should be applied to this lot, the latter would be diminished in value by reason of the changes already made and the changes then to be made; and to find that the

city would at some time carry out this plan; and that the lot would not be lessened in value; and that the plaintiff had, therefore, not been damaged. The case should have been tried as to the damage alleged to have been sustained by reason of the changes complained of in the plaintiff's declaration, and not upon the theory that the city might ultimately change the grade of the sidewalk so as to decrease the damage done to the plaintiff's property.

3. The judgment of the court below is reversed and a new trial granted, solely upon the grounds above discussed. Other than as indicated, there was no material error in the rulings of which complaint is made.

*Judgment reversed.     All the Justices concurring.*