## 16475.  MUECKE *v.* CITY OF MACON.

1. The constitution of this State provides that "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." Civil Code (1910), § 6388. But in the application of this provision of the fundamental law the courts have uniformly recognized the rule that where none of the property, or only a part of it, is actually taken for public use, any enhancement of the market value which arises directly from such public improvement and which accrues directly to the particular property remaining may be set off against the gross damage which may be thus occasioned. Thus, "The measure of damages for an injury to abutting property caused by a change in the grade of the street is the difference, if any, in the market value of the property before and after the change in the.grade, as caused by such change." *City of Atlanta* v. *Nelson*, 142 *Ga.* 324, 325 (4) (82 S. E. 899).

2. The court did not err in admitting testimony or in giving the charge excepted to, for any of the reasons assigned. These exceptions are dealt with in the opinion.

DECIDED DECEMBER 22, 1925.

Action for damages; from Bibb superior court—Judge Malcolm D. Jones.  April 17, 1925.

The city introduced evidence, not excepted to, going to show that the public improvement contemplated at the time of the grading of the street embraced not only the grading, widening, and lowering of the street, but also the laying of sidewalks, the establishment of a system of storm drainage, and paving the street. There was evidence for the city, admitted over the plaintiff's objection, to the effect that during the eighteen-month period since the work of grading was begun and the time of the trial, concrete sidewalks and curb lines were laid out, that the street was being widened and pipes installed preparatory to paving the street, and that a paving contract was made by the city and paving instruc-

tions were given, and that the money for such work was in the treasury. Exception is taken to this excerpt from the charge of the court: "On the other hand the city contends that the plan of the city was originally to level the street, to grade out and pave, as a part and parcel of the same plan; that the cutting down of the street was part of the plan preparatory to paving, and that they are now ready to go on with the paving. You consider all that evidence in the case and take all this testimony into consideration, and see whether or not the market value has been increased or diminished."

*Walter DeFore, James C. Estes,* for plaintiff.
*Grady Gillon, H. D. Russell,* for defendant.

JENKINS, P. J. (After stating the foregoing facts.) Plaintiff contends that the evidence objected to was illegal and that under the rulings made by the Supreme Court in *Estes* v. *Mayor &c. of Macon,* 103 *Ga.* 780 (2) (30 S. E. 246), and *City of Atlanta* v. *Nelson,* 142 *Ga.* 324, 325 (4) (82 S. E. 899), the charge was erroneous, in that the subsequent improvements, although embraced in the original general scheme of improvement, referred to in the evidence and by the charge, were, at the time the grade was changed, mere prospective happenings, and were too uncertain to be considered in fixing the value of the property at that time or shortly thereafter. This evidence and this excerpt from the charge were further excepted to, on the ground that they authorized the jury to determine the present value of the property instead of its value at the time the grading was done or shortly thereafter. We do not think that the evidence objected to was improperly admitted, or that the excerpt from the charge was erroneous for any of the reasons assigned. It does not appear that the excerpt from the charge related at all to the question as to when the value of the property was to be determined. In other portions of the charge the judge had fairly and fully instructed the jury on the proper measure of damages. Here he was not dealing with the question as to the time when the market value should be determined, but was giving expression to the idea that such prospective improvements with reference to this particular street, as embodied in the original and general plan of the city, could be considered as affecting the value of the property at the time of the alleged injury. Nor do we think that the evidence was inadmissible or the charge

erroneous for the other reason assigned, and which is more fully stressed in the brief for the plaintiff. This case differs materially in its facts from that of *Estes* v. *Mayor &c. of Macon,* supra. Here the testimony related to improvements made in the fulfilment of the city's general plan of improvements of this particular street, of which plan the grading was but a part. In the *Estes* case it does not appear that the improvements related to a co-ordinate plan of which the grading was a part. The opinion in that case points out that the case was tried several years after the change of grade, and the witness for the city refers to the "present" plan of the city. The plan related to the general city improvements, and not to the particular street involved, as in this case. It appears also in that case that such general city plan had not in fact been in any wise applied to the particular street in question, "nor was there any evidence of any intention on the part of the authorities to do so."

*Judgment affirmed. Stephens and Bell, JJ., concur.*