## JONES *vs.* THE WILLS VALLEY RAILROAD CO.

1. *The State vs. Dean*, 9 *Ga. Rep.*, 400, and *Armstrong vs. The Oglethorpe Bridge & Turnpike Co.*, 18 *Ga. Rep.*, 609, reaffirmed.
2. It would seem, that where the land of a citizen is taken to build a railroad against his will, he should be paid its value, *in coin*, according to quality, form and location. But if the owner sets up a claim for apprehended evils and inconveniences, the incidental benefits which he receives from the location of the road upon his property, should be allowed, by way of reduction of the damages so claimed.

Assessment of Damages, in Dade Superior Court. Tried before Judge CROOK, at June Term, 1859.

This was a proceeding to assess damages sustained by James H. Jones for, and on account of, the right of way for the construction of a railroad through his land.

Upon the trial on the appeal, counsel for Jones (the railroad being the appellant) moved to dismiss the appeal, upon the ground that the same was not taken within the time prescribed by law. The statute providing "That the award of a majority of the appraisers, in writing, shall operate as a judgment for the amount against the company, and shall be enforced by an execution from the Inferior Court, with the right of appeal to either party, to be tried by a special jury as other appeals, at the next term of the Superior Court thereafter." That the award, in this case, was made in writing, and signed by the appraisers on the 15th day of November, 1858, and the appeal was not entered until the 14th day of December, thereafter, which being more than four days from the date of the award, rendered said appeal illegal. The Court refused to dismiss, and plaintiff, by his counsel, excepted.

Plaintiff then proved by the chief engineer of the company, the location of the road through his land, and the appropriation therefor of two acres of his land; that there would be an embankment through plaintiff's field, varying from two to nine feet high.

Zachariah O'Neal sworn, testified, that he thought the land damaged $800 00.

Mr. Dearberry testified, that he thought the land was damaged $800 00 or $1,000 00.

B. F. Pace thought the land damaged $1,200 00.

Hugh L. W. Allison thought it damaged $400 00 or $500 00, and also, that the land was worth as much after as before the road was built.

Plaintiff here closed, and defendant introduced no evidence.

After argument, counsel for the road requested the Court to charge the jury:

1st. That the fact of the defendant being a corporation, should have no influence on their minds in making up their verdict, but that they should decide and find on the same principles as if the case was one between man and man.

2. That the question to be determined was, how much damage the plaintiff had sustained by the appropriation of his land for the purposes of the road? And in the determination of this question, the jury must deduct from the amount of damages the enhanced value of the remainder of the land, caused by the construction of the road.

3d. That if the plaintiff's land is worth as much with the road upon it as it would be without it, he is not entitled to recover any damages.

4th. That all the defendant is required to do is, to make ju s compensation for the land appropriated, and is not bound to do so in money, but may do so by enhancing the value of the remainder of the land.

5th. That if the jury think, from the evidence, that plaintiff is not, in fact, injured, they must find for the defendant. That the great question is, has the plaintiff been damaged, and if so, how much?

6th. That if, from the testimony, the jury believe that plaintiff's land, without the contemplated road, was worth, for instance, $2,500 00 and after the appropriation of a certain amount for the right-of-way, the remainder, by reason of the road, is worth as much as the whole without the road, say $2,500 00 then plaintiff is not entitled to recover anything.

7th. That the burden is on the plaintiff to show that he is damaged; and although he may not be as much benefited as his neighbor through whose land the road may not pass, this is no reason why he should have damages from the defendant.

8th. That the *fee simple* to the land, which defendant acquires by virtue of their decision, is no more than the right of way for the construction of the road.

9th. That the award made by the arbitrators in the case is to have no influence with them in making up their verdict.

10th. That the jury are to consider the question of the value of the land as if the plaintiff wished to sell, and defendant wished to buy. That the road is not to be considered a wrongdoer, but as a fair purchaser in the market.

All of which the presiding Judge charged as requested, and to all of which counsel for plaintiff excepted.

The jury found for the plaintiff three hundred dollars.

And counsel for plaintiff, therefore, tender their bill of exceptions, assigning as error the rulings and charge aforesaid.

ROBERT H. TATUM, for plaintiff in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

As to the appeal, not having been entered in time, the first point made in the bill of exceptions, that point is settled against the plaintiff in error, in *Armstrong against the Oglethorpe Bridge & Turnpike Company,* (18 *Ga. Rep.,* 609;) and *The State vs. Dean,* (9 *Ga. Rep.,* 400.)

The main question to which our attention has been called by the learned counsel is, what shall be the rule in estimating the damages to be assessed against the Wills Valley Railroad Company for seizing and appropriating the land of the citizen for the construction of their road? He insists that the rule prescribed by the Supreme Court of Tennessee, in the case of *Woodfolk against The Nashville & Chattanooga Railroad Company,* (*American Law Register, July number,* 1853,) and sustained by several adjudications in Kentucky, (5 *Dana,* 28; 7 *ib.,* 81, *and* 9 *ib.,* 114. *But see contra,* 3 *Moss. Rep.,* 489; 4 *Cush.,* 471,) is the true criterion of compensation; and that is the fair cash value of the land taken for public use, if the owner were willing to sell, and the company desired to buy that particular quantity, in that place and in that form, would be the measure of remuneration; and that this must be paid *in money.*

For myself, I confess I am strongly inclined to maintain this. But the Tennessee Court further held, and, I think, correctly, too, that if the owner of the land seeks to recover incidental damages beyond the actual value of the land taken, the road has a right to set off a counter-claim for the in-

creased value of the land, by reason of the location of the road on the plaintiff's property.

All our railroad charters contain this principle; and by irresistible implication, it is embraced in the charter of the Wills Valley Road; for it provides expressly that the landowner is not, by the assessment of damages, to be brought in debt to the road—a result which is only possible, by setting off the benefits against the injuries.

The verdict in this case was clearly contrary to the evidence; but as no motion was made for a new trial, the case cannot be sent back, on that account. But there is a ground upon which a rehearing can be awarded: The witnesses, in testifying to the increased value of the land do not *state,* whatever they may have *intended,* that it was owing to the location of the road. We know that there is not an acre of ground in the State, nor a foot of land in any of our cities, towns or villages that has not steadily appreciated in value for the last ten years. To have warranted the instructions of the Court of the jury, it should have appeared, affirmatively, that the enhancement in price was attributable to the road, or at least, to what extent the road had contributed to produce this result.

We think that the ends of justice would be best subserved by sending this case back, with the opinion of this Court, by way of directions, that the jury first ascertain the value of the property appropriated by the road, add to this the damages which would result from its construction; the latter to be set off by the benefits conferred. If the latter equal the former, the verdict to be for the actual value only of the property used; if less, the difference to be added to the price. and that, too, although the road should never be built. For it is the duty of the defendant in error to complete it, and put it, and keep it in operation; and the fault will be at the door of the company, if it be left unfinished.

The subject is one of difficulty and delicacy. It would seem that where the private property of a citizen is taken against his wish and will for a railroad, he should be paid its value in coin. If the owner, however, sets up a claim for apprehended evils and inconveniences, it may not, perhaps, be going too far to allow, by way of reduction for the damages so charged, all the incidental benefits which he receives from the location of the road upon his premises. This ap-

proximates, as near as possible, the meteing out of equity to all concerned. To lay down a rule or draw a line, with mathematical precision, is impossible.