THE CITY COUNCIL OF AUGUSTA *v.* SCHRAMECK.

1. The measure of damages to abutting property, caused by raising the grade of a street, is the difference between the market value of the property before and after the improvement; and upon the trial of an action for the recovery of such damages, it is competent to give in evidence the necessity of filling in the lot and raising the buildings thereon, with the probable cost of such work, not as furnishing a reason for the allowance of such cost as an independent item of special damage, but as a circumstance throwing light upon the general question of the diminution of market value.

2. The evidence, though conflicting, being sufficient to sustain the verdict, and the trial judge being satisfied therewith, this court will not control his discretion in refusing to grant a new trial.

July 15, 1895. By two Justices.

Appeal. Before Judge RONEY. Richmond superior court. October term, 1894.

W. T. DAVIDSON and M. P. CARROLL, for plaintiff in error. P. J. SULLIVAN, *contra.*

SIMMONS, Chief Justice.

1. The City Council of Augusta built a new bridge upon the first level of the Augusta canal, and the plaintiff claimed that his property was damaged by reason of the approaches raised to the bridge. Arbitrators were appointed under the act of August 24, 1872, as amended by the act of February 26, 1887, in reference to authorizing the city council to open, change and widen streets. The arbitrators awarded to the plaintiff $550 as damages, and he appealed to the superior court. The jury found $937.50 in his favor, and the defendant made a motion for a new trial, which was overruled, and it ex-

cepted.   On the trial of the case the plaintiff introduced
evidence as to the quantity of dirt which it would re-
quire to fill the lot to a grade with the street and as to
what it would cost to do so; also as to the cost of rais-
ing the building on the lot to a level with the new grade
of the street.   The testimony was objected to, on the
ground that it was irrelevant and misleading; but the
trial judge stated that he would allow it as a means of
arriving at the depreciation of the market value, and on
this subject instructed the jury as follows: "Evidence
was admitted to show what it would cost the plaintiff
to repair the damages he alleges to have sustained by
defendant, by filling up his lot and raising the buildings
to the grade level of the street.   This evidence was not
allowed as a correct rule for determining plaintiff's dam-
ages, because such a method is not a correct guide, and
was only allowed to be considered along with other evi-
dence to show the actual damage, if any, to plaintiff by
raising the grade of the street.   The raising of the
grade of a street may not endamage property left below
the grade, but may actually benefit it.   Therefore, the
cost of filling and raising property to the grade level is
not a rule by which damages should be assessed, but may
be considered to illustrate the amount of damages, along
with other evidence."   The admission of this evidence
and the instruction above quoted are complained of as
error.   That the evidence in question was properly ad-
mitted and the instruction of the court thereon proper
and legal, see 3 Sedg. Damages (8 ed.) §1163 *et seq.*;
Lewis, Eminent Domain, §§494, 478, and cases cited;
Dawson *v.* City of Pittsburg (Pa.), 28 Atl. 171; Stewart
*v.* City of Council Bluffs, 50 N. W. 219.   The measure
of damages in such cases is the actual diminution in the
market value of the land resulting from the change of
grade.   In ascertaining whether there has been a
diminution in the market value, however, facts which

may show that the value has actually decreased, such as that certain changes and expenditures are necessary to bring it to its former condition, although they would not authorize a recovery of the cost of such changes as independent items of special damage, are admissible as throwing light upon the general question of diminution in market value, and are always admitted for this purpose. The fact that a change in the grade of a street has left a lot considerably below the level of the street and that the expenditure of a certain amount would be necessary to restore it to a level with the street, would not authorize a recovery of that amount as specific damages, but might very properly be considered as showing that the lot was thereby rendered less salable than before, and that its market value had decreased.

2. The next ground of the motion for a new trial complains of the admission of certain testimony, but does not state that it was objected to when offered. We have repeatedly held that such a ground will not be considered. The evidence, though conflicting, is sufficient to sustain the verdict, and the trial judge being satisfied therewith, this court will not control his discretion in refusing to grant a new trial. *Judgment affirmed.*