399.  MAYOR AND COUNCIL OF MACON *v.* DALEY *et al.*

1. The fact that a change in the grade of a street is made in conformity to an ordinance of a municipality acting in its legislative capacity does not prevent an abutting-property owner from recovering consequential damages to such property, resulting from said public work.

2. The constitution of 1877 (paragraph 1, section 3 of the "bill of rights") gives to the citizen the right to recover consequential damage to his

property, resulting from work of a public character, although such work may be authorized by legislative action.

3. The constitutional provision referred to in the foregoing note limits the power of eminent domain in the State, and in counties and municipalities as the agents of the State. It is remedial in character, and for the purpose of giving property holders additional security, and should be liberally construed.

4. The measure of damages to abutting property caused by raising the grade of a street is the difference between the market value of the property before and after the change of the grade. On the trial of an action for the recovery of such damages, it is competent to prove the cost of the filling in of the property and raising it to the level of the street, as a fact or circumstance illustrating the general question of market value.

5. Where the court instructed the jury fully, clearly, and correctly as to the measure of damages, there was no material error in failing to charge specifically that in arriving at market value any enhanced value of the property caused by the street improvement should be set off against any damages proved. In determining the question of market value, the jury necessarily would have to consider consequential enhancement as well as consequential damage.

6. No error of law was committed, and the verdict is amply supported by the evidence.

Action for damages, from city court of Macon—Judge Hodges. March 2, 1907.

Argued June 21,—Decided July 18, 1907.

*Minter Wimberly, Jesse Harris,* for plaintiff in error.

*R. Douglas Feagin, Claud Estes,* contra.

HILL, C. J. Plaintiffs in the court below brought suit against the Mayor and Council of the City of Macon, for damages resulting to their property by the action of the city in raising the grade of the street on which said property was situated. The jury found a verdict for the plaintiffs, and the judgment of the court over-ruling the defendant's motion for a new trial brings the case to this court. It was admitted that the change of grade of the street in front of plaintiff's property was in conformity to an ordinance of the Mayor and Council of the City of Macon in their legislative capacity; and it is therefore insisted that there is no liability for any consequential damages to said property caused by the change in the grade of the street. It is perfectly well settled that municipal corporations, acting under authority conferred by the legislature, are not liable for consequential damages to abutting-land owners, arising from grading or changing the grade of streets,

provided that in so doing they keep within the limits of the streets and there is no physical invasion of the rights of private property, and reasonable care and skill are exercised in the performance of the work, *unless* there is some provision in the State constitution, in the city charter, or in some statute creating such liability. And even where the constitution contained the provision that private property should not be "taken" for public use without just compensation, it was uniformly held by the courts of the State and the United States Supreme Court that municipalities were not liable for consequential damages caused by an authorized change in the grade of a public street, where private property was not actually taken or there was no physical invasion of the property. The theory upon which these decisions was based was that the State had duly delegated to the municipality the power to make public improvements, and as long as the work was carried on within the scope of the authority thus delegated, and without negligence in the performance of the work, there would be no liability for whatever damage occurred. "A citizen was thus left without protection in all that large class of cases where, through some act done for the public benefit, or for a use public or quasi-public, although no part of his tangible property was physically taken, the use or value of the property was palpably impaired, or was stripped of incidents comprised within the conception of complete property rights which brought to those rights quite as much value as the mere possession of property." Brown *v.* Seattle, 5 Wash. 35. This was a mischief for which a remedy was sought; and a most complete remedy was found in the constitutional provisions of many of the States. The State of Illinois was the pioneer in this measure of relief to the citizen. In 1870 that State inserted in its constitution the provision that "private property shall not be taken or damaged for public use without just compensation." Many of the States followed the example thus set, of a more liberal rule of protecting the citizen against public progress or improvement, and similar constitutional provisions were adopted. Where this special constitutional provision exists, the rule of municipal liability has been changed, and greatly enlarged. The courts have, without a single exception, held, that although prior to these provisions a municipal corporation was under no liability to an adjoining or abutting-land owner for any damages sustained from

the action of the city in grading or changing the grade of its streets, unless his property was actually invaded, under such provisions a city is liable to him for all direct and consequential damages resulting from changing the grade of the street, where the damage thus inflicted exceeded the benefit derived from the grading. Of course the same rule applies to all improvements of a public character. The decisions of the courts announcing this rule of liability are numerous. Many of them can be found collated in 30 Am. St. Rep. 835-850, where the subject is ably and exhaustively considered by the learned editor. The Supreme Court of the United States, in the case of Chicago *v.* Taylor, 125 U. S. 161, construing the provision of the Illinois constitution, supra, declares that under such provision "a recovery may be had in all cases where private property has sustained a substantial injury from the making and use of an improvement that is public in its character, whether the damages be direct, as when caused by trespass or physical invasion of the property, or consequential, as in diminution of its market value."

As pertinent to the contention of the able and indefatigable attorney representing the City of Macon, now being considered, that the city is relieved from liability because the change in the grade of the street was in accordance with a profile or plan of improvement adopted by the mayor and council in pursuance of legislative action and under legislative authority, we quote from the opinion of Mr. Justice Harlan this statement, "The city did this work under the power conferred by its charter 'to lay out, establish, open, alter, widen, extend, grade, pave, or otherwise improve streets, alleys, avenues, sidewalks, wharves, parks, and public grounds,' and as directed by special ordinances of the city council." The question is not an open one in Georgia. The constitution of 1877 and decisions of the Supreme Court settle it beyond all controversy. Paragraph 1, sec. 3 of the "bill of rights" declares, "Private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Under the express terms of this broad provision of the fundamental law, neither the State nor county nor city by legislation or otherwise can authorize or do any public work which damages private property, without just and adequate compensation. In *City of Atlanta* v. *Green,* 67 *Ga.* 386, the Supreme Court held that the

constitutional provision, supra, changed the rule of liability for consequential damages resulting to property owners from raising or lowering the grade of streets, and that such damages were recoverable. This ruling has been approved and followed in every case since. *Smith* v. *Floyd County, 85 Ga.* 420, 425; *Moore* v. *Atlanta, 70 Ga.* 611 (3); *City of Augusta* v. *Schrameck, 96 Ga.* 426; *Atlantic Railway Company* v. *McKnight, 125 Ga.* 331; *Pause* v. *Atlanta, 98 Ga.* 92; *Mayor and Council of Macon* v. *Wing, 113 Ga.* 90; *Barfield* v. *Macon County, 109 Ga.* 386; *Campbell* v. *Met. St. R. Co., 82 Ga.* 320. Indeed the language of the constitution is so clear and free from doubt that no room is left for judicial interpretation. The inclination of the court to content itself with reference to its terms has yielded only to the earnest appeal of the learned counsel for the plaintiff in error to carefully consider his contention and the authorities cited in support thereof. This has been done; but this court has found no reason for not willingly accepting the decisions of the Supreme Court of the State, the unanimous deliverances of other courts of last resort, including the Supreme Court of the United States, or from giving to the plain language of the constitution its only rational construction. If the position of counsel were sound, the mandatory language of the constitution would be wholly ineffective and meaningless, and the paramount law of the State would be powerless to protect the citizen wherever private property was taken or damaged for public use, provided such taking and damage were in pursuance of legislative action of the State, or of counties and municipalities by virtue of legislative power delegated to them by the State. Neither the State in its legislative capacity nor the subordinate agents of the State can thus render inoperative and void the supreme law of the land.

2. The 1st, 2d, 3d, 4th, and 5th grounds of the amended motion for a new trial assign error in the ruling of the court permitting testimony to be introduced as to the cost of filling in the lot to a level with the street, and in not instructing the jury as to the effect of such testimony. Plaintiffs are entitled only to recover the diminution in the market value of the property. It is urged that such evidence tended to confuse them as to the measure of damage. Any evidence that will tend to show damage to the property would be admissible. Certainly the cost of filling up the lot

to a level with the street was a proper factor to be considered in determining the question of damage. The court clearly and correctly instructed the jury that the measure of damages to abutting property, caused by raising the grade of a street, was the difference between the market value before and after the grade was changed. But this evidence of the cost of filling in the lot to bring it up to the level of the street was competent, not as an independent item of special damage, but as a fact or circumstance throwing light upon the general question of the diminution of market value. *Campbell* v. *Metropolitan Street Railroad Company*, 82 *Ga.* 320; *City of Augusta* v. *Schrameck*, 96 *Ga.* 426; *Atlantic Railway Company* v. *McKnight,* 125 *Ga.* 329 (3).

The 6th and 7th grounds are fully covered by the first part of this opinion. These grounds embody requests to charge the principle of law as therein contended by the city.

3. The 8th ground assigns error in the failure of the court to charge the jury that any increased value resulting from the improvements should be set off against the damage proved. While the court did not expressly charge this well-established rule of law, yet the charge was so apt and clear as to the damage that plaintiffs were entitled to recover, that we do not think the jury could have been at all confused, or have failed to understand the correct measure of damage. The jury could not arrive at the market value without taking into consideration both consequential damage and consequential enhancement, balancing the one against the other, thus determining if there was in fact any real damage. But there was no request made to charge more specifically on this subject.

In our opinion the law governing the facts of the case was fully, fairly, and aptly submitted to the jury. No error was committed during the trial, and the evidence amply supports the verdict.

*Judgment affirmed.*