*Boykin & Robinson,* contra.

---

6358.   CITY OF ATLANTA *v.* ATLAS REALTY COMPANY.

1. Where a change is made by a municipality in the grade of a street, and the market value of real property abutting thereon is thereby decreased, under the provisions of article 1, section 3, paragraph 1, of the constitution (Civil Code, § 6388), the owner has a cause of action against the municipality. *City of Atlanta* v. *Green,* 67 *Ga.* 386, 388; *Moore* v. *Atlanta,* 70 *Ga.* 611; *Mayor &c. of Macon* v. *Daley,* 2 *Ga. App.* 355, 359 (58 S. E. 540), and cases there cited.

2. "The measure of damages to abutting property caused by raising the grade of a street is the difference between the market value of the property before and after the change of the grade." *Mayor &c. of Macon* v. *Daley,* supra; *Howard* v. *County of Bibb,* 127 *Ga.* 291, 293 (56 S. E. 418); *Smith* v. *Floyd County,* 85 *Ga.* 420 (11 S. E. 850); *Streyer* v. *Ga. So. & F. R. Co.,* 90 *Ga.* 56 (15 S. E. 637); *City Council of Augusta* v. *Schrameck,* 96 *Ga.* 426 (23 S. E. 400, 51 Am. St. R. 146); *Roughton* v. *Atlanta,* 113 *Ga.* 948 (39 S. E. 316).

(*a*) The plaintiff would be entitled to recover only the diminution in the market value of the property; but it is competent to prove the cost of filling in the lot to raise its level to that of the street, not as an independent item of special damage, but as a fact or circumstance throwing light upon the general question of diminution of market value. *Mayor &c. of Macon* v. *Daley,* and *City Council of Augusta* v. *Schrameck,* supra, *Atlantic & Birmingham Railway Co.* v. *McKnight,* 125 *Ga.* 328 (3), 333 (54 S. E. 148).

(*b*) While the plaintiff is entitled to recover only the diminution in the market value of the property and may not recover for any decrease in the rentals, the difference in the rental value of the property before the improvements were begun and after they were completed might be set up as a circumstance tending itself to show a diminution in the value of the property, or to corroborate other evidence to that effect.

(*c*) Diminution of rental value, brought about by any impairment of the right of ingress and egress appertaining to the property, affords no basis for a recovery in such a suit. To authorize a recovery the market value of the land after the change of grade must be less than the market value of the land before such change was made, and it is immaterial whether the income of the plaintiff was reduced while the change was being accomplished. *Streyer* v. *G. S. & F. R. Co.,* supra.

3. "One in possession of land under a bond for titles from the true owner,

with purchase-money partly paid, is the owner of the freehold relatively to all persons except the maker of the bond and those claiming under him. In case the premises are taken or damaged for public purposes, the possessor under the bond is entitled to full compensation; certainly so by showing affimatively the acquiescence of his vendor in his claim; and this may be done by producing in evidence a conveyance from the latter, made pending the action and passing the absolute title in fee simple." *Fulton County* v. *Amorous*, 89 *Ga.* 614 (3), 615 (16 S. E. 201); *Southern Railway Co.* v. *Ethridge*, 108 *Ga.* 121 (33 S. E. 850); *Towaliga Falls Power Co.* v. *Washington*, 136 *Ga.* 397 (71 S. E. 731).

4. The allegation added to the petition by amendment, that by reason of the regrading and changes in Ivy street, set forth in the petition, the City of Atlanta had damaged the market value of the property described in the petition, in the sum of $5,000, was insufficient to meet the special demurrer on the ground that the market value before and after the work was not alleged. "The defendant was entitled to know what was claimed to have been its value before the injury was done, and the ground of the demurrer raising this point should have been sustained." *City Council of Augusta* v. *Marks*, 124 *Ga.* 365, 368 (52 S. E. 539).

5. There is much of surplusage in the petition, and some of the grounds of the special demurrer should have been sustained, but enough was alleged to set forth a cause of action, and the court properly overruled the general demurrer.

DECIDED JANUARY 6, 1916.

Action for damages; from city court of Atlanta—Judge H. M. Reid. December 15, 1914.

*J. L. Mayson, W. D. Ellis Jr.,* for plaintiff in error.

*Rosser, Brandon, Slaton & Phillips, Stiles Hopkins,* contra.

WADE, J. The Atlas Realty Company brought suit against the City of Atlanta, alleging its ownership of certain real property on Ivy street in that city, and complaining that the municipality had raised the grade of that street in front of its property, and thereby damaged it in several particulars, to wit: (1) That during a number of months specifically mentioned, while the work of regrading the said street was progressing, access to the property owned by the plaintiff was seriously interfered with, and the rental value of the said property thereby diminished, in varying amounts, set forth in detail; to the loss and damage of the plaintiff as specifically alleged. (2) That by reason of the regrading of the street in front of the property of the plaintiff, the plaintiff was compelled to expend various amounts, set forth in detail, in making the property conform to the new street grade established by the municipality, all of which expenditure was directly brought about by the act of the city in regrading and filling in said Ivy street.

The plaintiff attached to its petition a statement showing the alleged actual losses in rents on account of the change in grade in the street abutting its property, and showing the actual amounts alleged to have been expended by it in making the property conform to the new grade of Ivy street, and prayed recovery therefor. The statement showing the alleged loss of rents set forth the rents actually collected during the months of December, 1912, and January, 1913, before the regrading was begun, by way of comparison with the decreased rents actually collected for the months of February, 1913, to November, 1913, inclusive, while the regrading was in progress. This statement further showed that the actual earnings for seven months prior to the street changes amounted to $3,975, and that the earnings during the progress of the street changes amounted to only $1,439.86; and the alleged loss of rents, based on this comparison, amounted to $2,535.14. It further claimed that $1,298.75 had been expended by the plaintiff in "making changes of building and repairs to same, in order to conform to the new grade of Ivy street." This last statement simply set forth certain amounts as having been paid to different persons or firms mentioned, without in all instances alleging the dates when such payments were made, and in no case indicating for what particular "changes" in the building, or "repairs," in order to make the building conform to the new street grade, the amounts were so expended.

The defendant demurred to the petition generally, as not setting forth a cause of action, and specially demurred to paragraph 2, on the ground that it disclosed that the plaintiff held bond for title to the property, and that no copy of the bond for title was set out therein or attached to the petition; and that the holder of a bond for title could not maintain the action instituted, under the allegations therein made. The defendant further demurred specially to the allegations in paragraph 4, that the rental value of the property, at the time it was purchased by the plaintiff and at the time the city undertook to change the grade of the abutting street, was $397.50 per month, on the ground that these allegations were immaterial and irrelevant. The defendant demurred specially to the allegations in paragraphs 8 to 27 of the petition inclusive, setting forth in detail the alleged loss of rents for each month during the progress of the work, and alleging that

during each of the seven months while the work was progressing, access to the property was interfered with, and the right of ingress and egress appertaining thereto was practically destroyed, and the rental value of the property materially damaged for that period. These paragraphs were demurred to, on the grounds: (*a*) that they were matters of evidence and not well pleaded; (*b*) that the several items for loss of rent were not recoverable as separate items of damages; (*c*) that damages arising from interference with the right of ingress or egress were not recoverable as such, and could only be shown to illustrate the market value; (*d*) that these several paragraphs undertook to recover for the alleged difference in the market value of the rent of the property and the sums actually received for the rental of the same, and that such damages were not recoverable. The defendant demurred to the items set out in paragraph 29, which purported to show amounts expended in making the property conform to the new street grade, on the ground that these items of expenditure were not recoverable as damages, and were items for proof and not for pleading, and that it did not appear wherein the several items of expense were necessarily incurred by reason of the regrading. The defendant demurred also to paragraph 30, which refers to the statement attached to the petition for the purpose of showing the alleged losses in rents and the actual amounts expended by the petitioner on account of the change in the grade of Ivy street. The defendant in its demurrer further contended that the damages claimed by the plaintiff were not recoverable for the reason that the measure of damages in such cases would be the difference between the market value of the property before and after the change in the grade of the street, and that the petition fails to allege the market value of the property before the work commenced or after its completion, and does not seek to recover damages to the property as such, but seeks to recover only on account of decrease in rental values because of interference with the right of access thereto, and that no suit for damage to the land, or, in other words, on account of a diminution in the market value thereof, was set forth in the petition. The plaintiff thereupon amended its petition by striking paragraph 30 and inserting in lieu thereof the following: "The Atlas Realty Company alleges that by reason of the changes and regrading said Ivy street as shown in the petition, the City of

Atlanta has damaged the market value of the property described in the petition; and the plaintiff alleges that the City of Atlanta has damaged it in the sum of five thousand dollars." Upon the filing of this amendment the court passed an order overruling the demurrer, and to this order the defendant excepted.

With the full statement of the issues raised by the pleadings, which is made above, we do not think it necessary to elaborate the rulings contained in the headnotes, which cover the essential points and controlling questions involved in the case. Judgment is affirmed, with direction that the defendant in error be required to amend its petition to conform to the ruling stated in the 4th headnote of this decision, or else that the petition be dismissed.

*Judgment affirmed, with direction.*

BROYLES, J., dissenting. In my opinion the petition as amended did not set out a cause of action, and the general demurrer should have been sustained.