## 17514.  CITY OF WINDER *v.* WOOD.

1. Upon the trial of an issue as to the amount of depreciation, if any, in the value of property as a result of the change in the grade of an adjacent street, the court did not err in admitting, over objection that it was irrelevant and immaterial, testimony of a witness to the effect that, after such change in grade, he refused to purchase the property at a certain reduction from the price at which he had previously sold the property, where it appeared from the record that the witness, in giving this testimony, intended to express his present opinion as to the depreciation in the value of the property, and must have been so understood by the jury.  Furthermore, even if the testimony was inadmissible as claimed, its admission was not cause for a new trial, under all the facts appearing.

2. Although the plaintiff's lot was not level, but inclined from the front to the opposite boundary, and although the surface of a part of the lot was below the level of the street before the grade of the street was changed, testimony as to the amount of the cost of filling in the property and of raising the surface of the entire lot to the level of the street as changed was not irrelevant.

3. In this action against a municipality to recover for damage to the plaintiff as a result of the change in the grade of an adjacent street, the court erred in refusing to charge the jury that if such change was made in connection with and was a necessary incident to the paving of the street as done by the city, the plaintiff would not be entitled to recover, if the property was by reason of such paving benefited or caused to be enhanced in value in an amount greater than the amount of the damage resulting to it by reason of such change in the grade of the street.  The requested instruction was authorized by the pleadings and the evidence, was pertinent and applicable, and the proposition stated therein was not presented in the charge given.  Because of the refusal to give such charge, a new trial should have been granted.

4. The general grounds of the motion for a new trial are not insisted upon. There is no merit in the other grounds.

DECIDED FEBRUARY 26, 1927.

Damages; from Barrow superior court—Judge Stark.  May 17, 1926.

---

Appeal and Error, 4 C. J. p. 982, n. 44, 45.

Eminent Domain, 20 C. J. p. 751, n. 78; p. 752, n. 81; p. 817, n. 70; p. 819, n. 76; p. 1202, n. 72; p. 1214, n. 8.

New Trial, 29 Cyc. p. 780, n. 49; p. 782, n. 54.

Trial, 38 Cyc. p. 1718, n. 25; p. 1719, n. 26.

*Joseph D. Quillian,* for plaintiff in error.

*G. D. Ross, Richard B. Russell Jr.,* contra.

BELL, J. Mrs. Annie C. Wood brought an action against the City of Winder to recover damages alleged to have been sustained by her by reason of a change in the grade of the street adjacent to her residence. The city, after changing the grade of this street, paved it; the grade was raised in fact in connection with the paving project. The city's answer to the suit was a general denial. The jury found a verdict in favor of the plaintiff for $800, and the defendant has excepted to the overruling of its motion for a new trial.

1. The first special ground of the motion for a new trial complains that the court erred in admitting the following testimony of Dr. Ross, a witness for the plaintiff: "I refused it [referring to the property in question] at $1,500 reduction;" this testimony having been duly objected to upon the ground that it was irrelevant and immaterial in the solution of the question at issue. Testimony that a person refused to purchase property at a given price would ordinarily have no probative value on the question of the worth of the property; but in the present case the witness himself was testifying as to what, in his judgment, was the reduction of the market value of the property as a result of the change in the grade of the street, and it is clear from the record that the part of his testimony above quoted was intended to express his present opinion as to the amount of such reduction, and that it was so understood by the jury. The witness had been interrogated as to what it would cost to raise the surface of the plaintiff's lot by filling in. The witness testified that several years previously he sold the property to Mrs. Wood at the price of $4,000, the fair market value of the property at that time. His testimony as objected to appears in the following connection in the brief of evidence: "I am not familiar with what it would take to elevate that house, to put in the grading to bring it up to the level as it was before the repair about the porch. My estimate in refusing to buy—well, I refused it at $1,500 reduction. She offered for $1,-500 less afterward. That offer of Mrs. Wood's was made in 1923, about two years ago." Almost immediately thereafter the witness further testified: "I would want more than $1,500 difference between the value of the property now and in 1923, with the pave-

ment in front of the property." It thus appears from the context that the witness was of the opinion that the defendant actually had reduced the market value of the property $1,500, and that the testimony objected to amounted to no more than a statement that he was of the same opinion at the time of some previous negotiation between him and the plaintiff with reference to a purchase of the property. The court did not err in admitting the testimony. But even assuming error, we could hardly say that it was harmful, in view of all the facts appearing. There is no cause for a new trial in the ground of the motion here dealt with.

2. The second ground of the amendment to the motion for a new trial assigns as error the admission of the following testimony of Edgar Jackson, a witness for the plaintiff: "It would take an enormous amount of dirt to fill in the whole lot level with the sidewalk. The reasonable market value of hauling the dirt in there and filling in a lot 50 by 130 feet to a level of the street in front of the house, that would be four feet, and would cost $1,500 or $2,000." The objection urged to this testimony was that it was irrelevant and immaterial because the other evidence showed that no part of the plaintiff's lot except the front yard had ever been as high as the sidewalk, and because it was incompetent to show the cost of raising the level of the entire lot to the new level of the street when the rear of the lot had not so conformed to the grade of the street before it was changed. There is no merit in this ground of the motion for new trial. In *City Council of Augusta* v. *Schrameck*, 96 *Ga.* 426 (23 S. E. 400, 51 Am. St. R. 146), the Supreme Court held: "The measure of damages to abutting property, caused by raising the grade of a street, is the difference between the market value of the property before and after the improvement; and upon the trial of an action to recover such damages, it is competent to give in evidence the necessity of filling in the lot·and raising the buildings thereon, with the probable cost of such work, not as furnishing a reason for allowance of such cost as an independent item of special damage, but as a circumstance throwing light upon the general question of the diminution of market value." To the same effect see *Mayor &c. of Macon* v. *Daley*, 2 *Ga. App.* 355 (4) (58 S. E. 540), and cit. The testimony showed with reasonable certainty the degree of the incline of the plaintiff's lot from the front to its opposite boundary, and

the topographical relation of the entire lot to the old grade of the street. Notwithstanding the testimony related to the expense of causing the lot to occupy a different relation to the new grade of the street from that which it had occupied toward the level of the street originally, it was not without some relevancy as affording a basis of computation by which the jury could determine the cost of filling in the lot to the extent of raising the surface of all its parts to the same relation which had existed between such surfaces and the original street level, this cost to be considered as a fact or circumstance illustrating the general question of market value.

A further reason why we think the court did not err in refusing to sustain the ground of the motion for a new trial now under consideration is that similar testimony was admitted during the trial without any objection thereto. *Daughtry* v. *Savannah &c. R. Co.,* 1 *Ga. App.* 393 (3) (58 S. E. 230) ; *Cochran* v. *Meeks,* 25 *Ga. App.* 61 (2) (102 S. E. 550) ; *Hurt* v. *Atlanta,* 100 *Ga.* 274 (4) (28 S. E. 65).

3. In two other special grounds of the motion for a new trial the city contends that the court committed error in refusing to give to the jury certain charges, duly requested in writing, one of which was as follows: "If you find from the evidence that there was a change made in the street in front of the plaintiff's property described in her petition, by the defendant or under its authority, and that such change made in the grade of the street was incident to and necessary in the paving of the street in front of the plaintiff's property, and that the plaintiff's property was, by reason of said paving being done, benefited or caused to enhance in value in an amount greater than the amount of damage resulting to it by reason of such change in the grade of the street being made, the plaintiff would not be entitled to recover any damages against the defendant by reason of the change of the grade of said street."

Since the two requests to charge raised substantially the same questions, it is necessary to deal specifically only with that ground of the motion which complains of the court's refusal to give the charge above quoted.

The contention of counsel for the plaintiff is that the requested charges were not authorized either by the pleadings or the evidence, and that even if this is not true, the propositions stated therein were fully and fairly presented in the charge given. We can not

concur in the position taken by counsel for the plaintiff. The measure of damages in a case of this sort is the difference between the market value of the property before and after the change in the grade. *City of Atlanta* v. *Atlas Realty Co.,* 17 *Ga. App.* 426 (2) (87 S. E. 698), and cit. Although the plaintiff's *property* may have been injured, no damage has been sustained by the *plaintiff* if, after the change in the grade of the street, "independently of all other causes, the market value of the lot was as much as, or more than, it was before the work was done." *Hurt* v. *Atlanta,* supra. Paragraph 2 of the plaintiff's petition alleged that the defendant had injured and damaged the plaintiff in the sum of $1,500 by reason of facts "herein set forth." This averment was denied by the defendant in its answer. The defendant also denied all other allegations of the plaintiff, either as to damage to the property or as to loss and damage sustained by the plaintiff. In this state of the pleadings, the answer was broad enough to raise an issue as to whether the value of the property had been increased by reason of the improvement. "In determining the question of market value, the jury necessarily would have to consider consequential enhancement as well as consequential damages." *Mayor &c. of Macon* v. *Daley,* supra. See also, in this connection, *Atlanta, Knoxville &c. Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (7) (49 S. E. 818). The brief of evidence discloses the following testimony bearing upon the question of whether there was any increase in the value of the property as a result of the change in the grade of the street: G. A. Johns, sworn for the plaintiff, testified that "the paving is worth something to that property." W. T. Applebee testified: "I knew this property before it was paved and graded. It did not depreciate any in value. It is worth more now." John H. Maynard testified: "I don't think it [referring to the property] is damaged at all. I think the paving has increased its value." E. E. Delaperriere testified: "I think this property is worth several hundred dollars more since the paving." Questions of value are peculiarly for determination by the jury where there is any data in the evidence upon which they may legitimately reach a conclusion. We can not hold, as a matter of law, that there was no data before the jury in the instant case upon which they might have predicated a finding that the value of the property was enhanced by the change in the grade of the street and the paving. *Kraft* v. *Rowland,* 33 *Ga. App.* 806 (3) (128 S. E. 812).

We have carefully examined the charge of the court and can not agree that the propositions set forth in the city's request to charge were anywhere given in charge to the jury.

"A specific charge which is legal and adjusted to a distinct matter in issue, involving the right of the plaintiff to recover, and which may materially aid the jury, should be given as requested, although in principle and in more general and abstract terms it may be covered by other instructions given by the court. *Metropolitan Street R. Co.* v. *Johnson*, 90 *Ga.* 500 (5) (16 S. E. 49)." *Elberton R. Co.* v. *Thornton*, 32 *Ga. App.* 259 (4) (122 S. E. 795).

We think the request to charge embodied a correct principle of law. If the change in the grade of the street was a necessary incident to the paving of the street, and if both together constituted one entire project, then the city was not limited in its right of offset merely to appreciation in the value of the property resulting from the change in the grade of the street, but was entitled to credit as well for any enhancement in the value due to the laying of the pavement. This conclusion seems to follow from the decisions of the Supreme Court in *Nelson* v. *Atlanta*, 138 *Ga.* 252 (3) (75 S. E. 245), and in *Muecke* v. *Macon*, 34 *Ga. App.* 744 (131 S. E. 124). It is our opinion that the able trial judge committed error in refusing to charge the jury as requested, and that for this reason he should have granted a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*