22406. CITY OF ATLANTA *v.* DINKINS *et al.*

DECIDED NOVEMBER 8, 1932.

*J. L. Mayson, C. S. Winn, J. C. Savage,* for plaintiff in error.
*Spalding, MacDougald & Sibley, Estes Doremus,* contra.

SUTTON, J. (After stating the foregoing facts.) The city contends that the petition did not set forth a cause of action against it on which the plaintiffs could recover. It relies on the case of *Ward* v. *Georgia Terminal Co.,* 143 *Ga.* 80 (84 S. E. 374), in which it was held that "The alteration and change of grade of a portion of a street in a city, permitted and sanctioned by lawful authority, whereby the value of land abutting on another part of the street, beyond a cross street, is lessened, is not a ground of action, where the landowner has the same communication to other parts of the city through intersecting streets, though with less convenience over the street which was altered." In that case the landowner's lot was situated in another block, beyond a cross street, about fifty feet from the portion of the street in which the grade was changed; and it appeared that the landowner had the same access to his property that he had before, and there was no interference with the street on the other side of his property. It is generally held that property owners whose lands do not abut upon the portion of the street vacated, and access to whose property is not cut off, are not entitled to compensation because of such vacation, and the reason for this doctrine is that to hold otherwise would be to encourage many trivial suits and tend to discourage public improvements if a whole neighborhood were to be allowed to recover damages for such injuries to their estates. The court in the above case held that the evidence disclosed that the landowner's access to his property from the south on the same street was not disturbed, that he had the same communications to other parts of the city that he had before, although the change made in the grade in Mangum Street made it less convenient than it was before the change was made, that the

damage which he sustained is of the same kind which is shared by the public generally, and that whatever loss he sustained was damnum absque injuria.

Our constitution provides that "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Civil Code (1910), § 6388. In the case of *City of Atlanta* v. *Green,* 67 *Ga.* 386, wherein the Supreme Court first held that under the above constitutional provision municipal corporations were liable for consequential damage resulting to property owners from raising or lowering the grade of streets, it was contended by counsel for the city that it was not the intent and purpose of the framers of the constitution that the above provision should vary or change the rule that a municipal corporation would not be liable to abutting lot owners for damage caused by raising or lowering the grade thereof. The court held that the word "damage," as used in this provision of the constitution, was intended to cover any damage, either direct or consequential. The ruling in the *Green* case has been followed in numerous cases. *Campbell* v. *Metropolitan Street R. Co.,* 82 *Ga.* 320 (9 S. E. 1078); *Smith* v. *Floyd County,* 85 *Ga.* 420, 425 (11 S. E. 850); *Moore* v. *Atlanta,* 70 *Ga.* 611 (3); *Augusta* v. *Schrameck,* 96 *Ga.* 426 (23 S. E. 400, 51 Am. St. R. 146); *Atlantic &c. Ry. Co.* v. *McKnight,* 125 *Ga.* 328 (54 S. E. 148); *Mayor &c. of Macon* v. *Daley,* 2 *Ga. App.* 355 (58 S. E. 540); *Franklin* v. *Atlanta,* 40 *Ga. App.* 319 (149 S. E. 326). In *Smith* v. *Floyd County,* supra, it was held that a right of action exists against a county for damaging private property for public uses in constructing the approaches to a county bridge, thereby elevating the roadway above an adjacent lot so as to hinder access to the lot from the road. The right of access from a street by the owner of land abutting on the street is a property right of which he can not be deprived without compensation, and when a municipality, in the exercise of the power conferred on it to grade and improve its streets, destroys or impairs such right, the corporation is liable to the owner in an action for damages. *Mayor &c. of Macon* v. *Wing,* 113 *Ga.* 90 (38 S. E. 392). In the case last cited access to the building owned by Wing was rendered more difficult by the narrowing of the street and the change of the sidewalk by the City of Macon. Property is damaged in the sense of the above constitutional provision when there

is some physical interference with a right or use appertaining to the property. *Austin* v. *Augusta Ry. Co.*, 108 *Ga.* 671 (34 S. E. 852, 47 L. R. A. 755).

In *Mayor &c. of East Rome* v. *Lloyd*, 124 *Ga.* 852 (53 S. E. 103), it was held that "Since the adoption of the constitution of 1877, a municipal corporation is liable to a property owner for consequential damages resulting from raising the grade of a street in front of his premises, thereby impairing or destroying his means of ingress and egress." So in *Mayor &c. of Americus* v. *Phillips*, 13 *Ga. App.* 321 (79 S. E. 36), it was held that "A municipal corporation is liable to a property owner for the damage consequent upon altering the grade of a street or sidewalk in front of his premises, whereby his means of ingress and egress are impaired or destroyed or a diminution of the market value of his property results." Where a change is made by a municipality in the grade of a street, impairing the right of the owner of land abutting thereon to ingress or egress, and the market value of the property is thereby decreased, the owner has a cause of action against the municipality. *City of Atlanta* v. *Atlas Realty Co.*, 17 *Ga. App.* 426 (87 S. E. 698). In *Pause* v. *Atlanta*, 98 *Ga.* 92 (26 S. E. 489, 58 Am. St. R. 290), et seq., Mrs. Pause brought suit against the city for damage resulting to her by the building of the old Forsyth-street viaduct. It appeared that her place of business opened on the west side of Forsyth street, and that building the viaduct completely destroyed her right of ingress to and egress from that street and completely destroyed her business. The court held that "The construction in a street, by the municipal authorities, of any public improvement which results in permanent injury to the property of an abutting lot owner, gives to such owner a right of action for damages resulting to him therefrom." In the opinion in that case it was said: "Accordingly it has been held that interfering with access to premises, by impeding or rendering difficult ingress and egress, is such a taking and damaging as entitles the party injured to compensation under a provision for compensation where property is damaged. . . The rule seems to be deducible from the decisions of the courts of other States, construing constitutional provisions similar to our own, that if the owner of property, because of the permanent physical improvement itself, suffers damages by reason of the permanent diminution in

the value of his property or estate, as distinguished from mere personal inconvenience, he has a right of action for such damage; nor is it material whether the property damaged abuts directly upon the improvement, or is distant therefrom." Lewis on Eminent Domain, quoted in the *Pause* case, says: "They [referring to decisions of the courts] seem to settle the doctrine that an obstruction or interference with a public street or way need not necessarily be in front of or contiguous to the property claimed to be affected thereby, in order to authorize a recovery. It is sufficient if it is such an obstruction or interference as produces a diminution in the value of the property, as distinguished from mere personal inconvenience to the owner." Lewis on Eminent Domain, § 227, p. 307. If the property is situated within the block in which the change of the street takes place, and a usual, direct, and immediate means of access thereto or egress therefrom is thereby materially impaired or done away with, the property owner may recover of the municipality, although his property does not abut on the street changed. 44 C. J. 447; City of Chicago v. Baker, 86 Fed. 753, 30 C. C. A. 364; Newark v. Hatt, 79 N. J. L. 548 (77 Atl. 47, 50 L. R. A. (N. S.) 637); Re Umbria St., 32 Pa. Super. 333; Re Ruscomb St., 30 Pa. Super. 476; Mellor v. Philadelphia, 160 Pa. 614 (28 Atl. 991); Munn v. Boston, 183 Mass. 421 (67 N. E. 312). In the case at bar the plaintiffs' property abutted on a paved driveway running from the street over which the viaduct was built to their building. This way of ingress and egress was completely cut off, and plaintiffs could only reach their property through a dark and difficult way. Such interference with their means of access to and from their property, causing its almost complete isolation, has materially reduced its market value. The market value of the property was alleged to be reasonably $90,000, before the building of the viaduct, and as a result thereof it is now not worth more than $60,000. The measure of damages in this case is the difference between the market value of the property before and after the improvement. *City of Atlanta* v. *Atlas Realty Co.*, supra, and cit. Applying to the facts alleged in the petition the principles announced above, we are of the opinion that the petition was not subject to the demurrer urged against it.

The plaintiffs further set up in their petition that their property was also damaged by the lowering of the spur-track to their loading

platform, which was done by the city and which it was not necessary for it to do in constructing the viaduct. This track lay contiguous to the plaintiffs' property. The lowering of this track has greatly hampered the business of the plaintiffs, in that they can now load and unload only one freight-car at a time, whereas they formerly could load and unload four cars at a time. They set up that all this tended to materially reduce the market value of their property and put them to considerable trouble and expense. The lowering of the spur-track and the consequential damage to the plaintiffs' property was an element of damage tending to reduce the market value of their property.

This case is in this court on demurrer, and the question as to whether or not the building of this viaduct did not reduce the market value of the plaintiffs' property but increased its market value is not in the case. The plaintiffs allege that the building of the viaduct and the lowering of the spur-track and the consequential damage to their property flowing therefrom greatly reduced its market value. This case is not like the cases of *Hurt* v. *Atlanta*, 100 *Ga.* 274 (28 S. E. 65), and *Streyer* v. *G. S. & F. R. Co.*, 90 *Ga.* 56 (15 S. E. 637).

We are of the opinion, therefore, that the court properly overruled the demurrer of the city to the plaintiffs' petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*