24196. STANSELL & RAPE BROTHERS *v.* CITY OF MCDONOUGH.

SUTTON, J. Stansell & Rape Brothers, a partnership, brought suit against the City of McDonough for damages on account of the diminution in market value of certain realty owned by them in said city, alleged to have been caused by the lowering by the city of the grade of the street upon which their property fronted. They owned a certain lot upon which they operated a garage and filling-station business, and they set up that the lowering of the street level rendered their property inaccessible, and that it was necessary for them to remodel the garage building and floor and the filling station at an expense of about $1000; that their property was worth $3000 before the lowering of the grade of this street by the city, and that by reason thereof it was now only worth $1500, and they asked damages for the difference. The city contended that it was necessary to lower the grade of this street in order to pave the street in accordance with the plan adopted, that the plaintiff's said property was not rendered worthless thereby, but that on the contrary its market value was enhanced by reason of the paving of the street in front thereof, to an amount equal to or greater than the alleged damage suffered by the plaintiffs on account of the alleged diminution in market value. Upon the trial there was evidence tending to sustain the defense set up by the city, and the jury found in favor of that defense. The trial judge overruled the plaintiffs' motion for a new trial, and they excepted. *Held:*

1. The verdict was not contrary to the law and the evidence. There was evidence tending to show that the plaintiffs' property, together with that of others abutting upon the same street, was enhanced in market value by the paving of this street in front thereof, which enhancement was equal to or more than the amount of damages alleged to have been suffered by the plaintiffs on account of the lowering of the grade of the street in order to pave it. "Where real estate has been damaged by an abutting street improvement made by a city, the owner thereof can not recover any damages for an alleged decrease in the market value of the property where, by reason of the enhanced value of the property because of the improvement, the market value of the property has not been decreased." *Morgan* v. *LaGrange*, 31 *Ga. App.* 686 (121 S. E. 703), and cit. See also *Williamson* v. *Savannah*, 19 *Ga. App.* 784 (92 S. E. 291); *Mayor &c. of Savannah* v. *Williamson*, 22 *Ga. App.* 672 (97 S. E. 104); *Mayor &c. of Americus* v. *Tower*, 3 *Ga. App.* 159 (59 S. E. 434).

2. Competent evidence as to any improvement in or benefit to the business of certain property owners, conducted upon their city property, contiguous to and fronting on a street, resulting from the paving of the street by the city, would be admissible in a suit brought by the property owners against the city for damage to their property, alleged to have been caused by the lowering of the street in front of their property in order to pave it, as tending to show that the property has been enhanced in value by reason of such public improvement, in order to set off the damages claimed by the petitioners to have been suffered by reason of the lowering of the street in order to pave it. *City of Atlanta* v. *Williams*, 15 *Ga. App.* 654 (84 S. E. 139); *City of Atlanta* v. *Atlas Realty Co.*, 17 *Ga. App.* 426 (87 S. E. 698); *Hayes* v. *Atlanta*, 1 *Ga. App.* 25, 30 (57 S. E. 1087).

(*a*) Evidence in such a case that the petitioners' business,—that of operating an automobile repair garage and gasoline filling station,—has been benefited by the paving of the street in front of the building occupied by the business on the property fronting such street, in 'that because of the improvement more travelers pass along the street and by said business is admissible in support of the contention of the city that the petitioners' property has been enhanced in value by reason of the paving of the street in front thereof, which the city claims to be more than the alleged damage to the building of the petitioners resulting from the lowering of the street incident to paving the same. See *City of Atlanta* v. *Nelson*, 142 *Ga.* 324 (82 S. E. 899); *Nelson* v. *Atlanta*, 138 *Ga.* 252 (75 S. E. 245); *Muecke* v. *Macon*, 34 *Ga. App.* 744 (131 S. E. 124); *Winder* v. *Wood*, 36 *Ga. App.* 492 (137 S. E. 107); *City of Atlanta* v. *Atlas Co.*, supra.

(*b*) If the plaintiffs' business, conducted upon property owned by them abutting on a street which is paved, is benefited by reason of the paving of the street in front of the business, this fact would be admissible as tending to show that the market value of their property has been enhanced rather than diminished by such public improvement; and where there is competent evidence from which the jury might well believe that the enhancement in the market value of petitioners' property is thus increased to an amount which is more than the amount claimed by petitioners as damages resulting from the lowering of the grade in front of their property, necessitating changes in the building situated thereon in which they conduct their business, the lowering of which was done, as a necessary part of the general plan and scheme of the city in paving such street, then the verdict of the jury in the defendant's favor will be upheld as being authorized by the evidence. Any legitimate and competent evidence tending to aid the jury in determining this matter is admissible. *Nelson* v. *Atlanta*, supra.

(*c*) The fact that other property, similarly situated, abutting upon the street paved, was also enhanced in value and received benefits from this improvement, is admissible to show in a general way that the plaintiffs' property was also enhanced in value and received benefits from such paving. The jury could well take this into consideration, along with the other evidence adduced upon this matter, in finding that the consequent injury to the plaintiffs' property did not exceed the consequent benefit thereto. *Nelson* v. *Atlanta*, supra.

3. The case sub judice is to be distinguished from those cases where a property owner is seeking damages for the taking of his land for public improvements, and is not seeking damages for apprehended evils and consequential damages. In the former class of cases the incidental benefits resulting to the property owner from the taking of his property can not be considered in fixing the amount of his damages; whereas, in the latter class, the incidental benefits that have resulted and that will result to the owner's property which is not taken should be allowed by way of reduction in damages. See *Jones* v. *Wills Valley R. Co.*, 30 *Ga.* 43; *Mayor &c. of Savannah* v. *Hartridge*, 37 *Ga.* 113; *City Council of Augusta* v. *Marks*, 50 *Ga.* 612; *Mayor &c. of Atlanta* v. *Central R. Co.*, 53 *Ga.* 120; *Moore* v. *Atlanta*, 70 *Ga.* 611; *City of Atlanta* v. *Word*, 78 *Ga.* 276; *Wolf* v. *Ga. So. R. Co.*, 94 *Ga.* 555 (20 S. E. 484).

4. The trial judge did not err in charging the jury that "in order to determine the effect of the paving on the market value of the property, you should consider the physical property before and after the paving, the character of the building thereon, the particular use to which it was devoted by the plaintiff, the effect thereon by the public use of the street before and after the paving and the resulting benefit, if any, affecting the market value of the property thereby, and if you find that the paving has enhanced the value of the plaintiffs' property so that its market value was as much or more after the paving was done than it was before, and that it was not necessary for the plaintiff to have expended any funds upon the building after the paving was done, in order to have enjoyed the use thereof as well as before, and that the property's market value has not been diminished by the street improvement, then there could be no recovery by the plaintiff and you should find a verdict in favor of the defendant." See *Winder* v. *Wood*, supra, and cit.

5. This charge was not erroneous upon the ground that it allowed the jury to take into consideration any enhancement in the value of the property that had been brought about by reason of the paving of the street up to the time of the trial of the case, nor upon the ground that it allowed the jury to take into consideration any increase of income accruing to the plaintiffs in their garage and gasoline business conducted upon this property, by reason of this pavement being laid in front thereof.

6. The court did not commit error in charging the jury, "If you should find that this property has been reduced in market value on account of the paving, then the form of your verdict would be, 'We, the jury, find for the plaintiff so many dollars.' If you find the market value of the property has not been reduced because of the pavement or street improvement, under all the facts and circumstances of the case, then you should find for the defendant, and the form of your verdict would be, 'We, the jury, find in favor of the defendant.'" This excerpt from the charge of the court correctly stated the summed-up contentions of the parties and did not tend to withdraw from the jury consideration of the contention of the plaintiffs that the damage and injury to their property did not result from the paving of the street but from the lowering of the grade of the street incident to paving the same. It is to be remembered that the lowering of this street in order to pave it was embraced in the general scheme of the improvement by the city.

7. The court charged the jury that "The burden of proving the diminution of the market value of the property because of the street improvement is upon the plaintiff, and the rule of law in respect to the measure of damages in the case is the difference, if any, in the market value of the property in question before and after the paving was done by the city. What was the market value of the property before the paving was laid, and what was the market value of the property after the paving was laid? Was the market value of the property diminished by reason of the laying of the paving, or if the property had been sold thereafter, would the market price have been less than it would have been if it had been sold before the paving was laid." This charge was not erroneous under the facts of this case for any of the reasons assigned.

'a) The burden of proof is upon the owner of abutting property to show

that the market value of his property has been decreased by reason of the lowering of the grade of the street in front thereof. *Williamson* v. *Savannah*, supra.

(b) The general rule as to the measure of damages for a change in the grade of a street in paving the same is the difference in the market value of the property affected within a reasonable time before and within a reasonable time after the making of the change, allowance being made for the particular use to which the property is adapted, and also being made for the direct benefit the property will receive by reason of the improvement. As bearing upon the amount of damages, the reasonable cost of adjusting the premises to the changed grade of the street may be considered. See *City of Atlanta* v. *Nelson, Nelson* v. *Atlanta*, supra; *Mayor &c. of East Rome* v. *Lloyd*, 124 *Ga.* 852 (53 S. E. 103); *Roughton* v. *Atlanta*, 113 *Ga.* 948 (39 S. E. 316); *Williamson* v. *Savannah*, supra; *City of Atlanta* v. *Atlas Realty Co.*, supra; *Mayor &c. of Macon* v. *Daley*, 2 *Ga. App.* 355 (58 S. E. 540); *City Council of Augusta* v. *Schrameck*, 96 *Ga.* 426 (23 S. E. 400, 51 Am. St. R. 146). See note in 64 A. L. R. 1513 et seq.

8. The court clearly stated the issues in this case, and the charge as a whole was fair and impartial. The assignment of error that the whole charge of the court was erroneous because the contentions of the plaintiffs and their claim for damages was not clearly and fairly stated is not well taken. "An assignment of error that the whole charge was erroneous will not be sustained, unless it should appear to be wholly illegal and wrong." *Fuller* v. *Atlanta*, 66 *Ga.* 80. The charge in this case was not wholly illegal and wrong. It was not subject to any of the criticisms urged against it.

9. The verdict in the defendant's favor was not unauthorized by the evidence, the jury being justified in finding that the alleged damage to the plaintiff's property and business did not exceed its enhancement in value by this public improvement and special benefits resulting therefrom. No error of law appears from any of the special assignments of error. Therefore the trial judge properly overruled plaintiffs' motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 10, 1934.

*D. K. Johnston, Brown & Brown,* for plaintiffs.
*E. L. Reagan,* for defendant.