### 38364. STATE HIGHWAY DEPARTMENT v. MURRAY *et al.*

Decided July 15, 1960.

*Eugene Cook,* Attorney-General, *Carter Goode,* Assistant Attorney-General, *William M. Mallet,* Deputy Assistant Attorney-General, *Joseph M. Rogers,* for plaintiff in error.

*A. L. Haden, Jr.,* contra.

BELL, Judge. The first ground of the amended motion for new trial contends that the evidence of a witness for the defendants, testifying as to the replacement cost of the houses, was illegally admitted by the court to the jury over the objection of the plaintiff, which objection was repeated after the defendants had closed their case. We agree that this objection is well taken, where, as here, there is no other evidence as to the value of the property. This is particularly so since the evidence adduced at the trial indicates that the five houses involved range in age from 2 to 20 years. Under these circumstances other factors, such as depreciation, must be taken into account in determining the fair market value of the property. Replacement costs alone are not enough to enable the jury to find damages for the part which is condemned. See the case of *Polk v. Fulton County,* 96 Ga. App. 733, 736 (101 S. E. 2d 736), which held: "To further extend the measure of damages so as to allow replacement value alone to become the standard for compensation

would be contrary to the rule followed in this and the other States." Under innumerable decisions of this court and the Supreme Court, it is elementary that the measure of damages for property taken by eminent domain is ordinarily the fair market value of the property at the time of taking. See *Housing Authority of Savannah v. Savannah Iron &c. Works,* 91 Ga. App. 881 (3) (87 S. E. 2d 671). Where, as in this case, the only evidence offered to rebut the condemnor's appraisal evaluation (which, we point out, did not evaluate the damage to the property affected but not taken) concerns the replacement costs, there is not a sufficient guide given to the jury to enable them to reach an appropriate verdict. In the case of an absolutely new house, the reproduction cost might possibly be the best measure of damages. However, in the case of property which has some age, depreciation and other factors must of necessity be considered.

While we acknowledge that in *Housing Authority of Savannah v. Savannah Iron &c. Works,* 91 Ga. App. 881, 888, supra, it is stated that "Reproduction cost is an accurate and direct method of measuring just and adequate compensation," citing *Burke County v. Renfroe,* 64 Ga. App. 395 (13 S. E. 2d 194) as authority for that proposition, the case does not hold that other factors, such as depreciation, must not be considered where necessary to determine the value of the property. Furthermore, the *Burke County* case involved an action for *damages* to the building which was not completely destroyed, and moreover the property there considered was not being taken under the exercise of the powers of eminent domain. Accordingly, neither the *Housing Authority* case nor the *Burke County* case may be construed as authority for the unlimited proposition that evidence of replacement costs, standing alone, is sufficient proof on which a jury may base a verdict awarding compensation in condemnation cases.

In this State, contrary to the rule in some other jurisdictions, the burden is on the condemnor to prove the value of the property taken and the damage to the remaining land and improvements if any. *Georgia Power Co. v. Smith,* 94 Ga. App. 166 (94 S. E. 2d 48) ; *Andrus v. State Highway Dept.,* 93 Ga. App. 827

(93 S. E. 2d 174). "To obtain a verdict fixing that value, the taker must introduce evidence showing value." *Georgia Power Co. v. Brooks*, 207 Ga. 406, 411 (62 S. E. 2d 183). In the instant case we do not feel that the condemnor has carried the burden which is thrust upon it by these cases. The only testimony which the condemnor offered was an appraisal of the land to be taken at $125, the house thereon, $1,000, and the fencing at $45. It is apparent from this testimony that the witness was testifying only as to the value he put on the property to be taken. Although there is some slight evidence in the record of consequential damage to the remaining four houses of the defendants, there was no testimony offered by the condemnor as to the consequential damage which would result to this property from the construction of a fill, variously estimated to be from 8 to 15 feet high, in front of the property. A jury could find that this fill would interfere with the ingress and egress to the remaining houses, but no testimony was given as to this aspect of the case by the condemnor, and the defendants' witnesses admitted they did not know either what the consequential damage would amount to.

For these reasons the evidence objected to and assigned as error in Ground 1 of the amended motion for new trial should have been stricken.

Ground 2 of the amended motion for new trial assigns error in the court giving a charge to the jury on consequential damages because of the fact that there was no evidence in the record to establish consequential damages and no circumstances from which any amount of consequential damage could be determined by the jury. It is well established in this State that where, as in the present case, consequential damages result to property because of a change in the road grade, the measure of damages to the abutting property is the difference between the market value of the property before and after the change. *City of Atlanta v. Atlas Realty Co.*, 17 Ga. App. 426 (87 S. E. 698); *Smith v. City of Atlanta*, 22 Ga. App. 511 (96 S. E. 334); and *Stansel & Rape Bros. v. City of McDonough*, 50 Ga. App. 234 (177 S. E. 749). While there was in the record some vague testimony as to the effect of the fill in front of the remaining four houses not

being condemned, there was no estimate at all given by either side as to the market value before and after the change so as to establish the amount of consequential damages which would result therefrom. The defendants' main witness on this point testified: "I do not know what percentage it would reduce the value" and, "they would have some value, but I wouldn't testify what the values were." Because of the lack of any evidence in the record to establish the consequential damages, it was error for the trial court to charge the jury on this matter.

For the reasons stated, the trial court erred in overruling the plaintiff's amended motion for new trial.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*