## MAYOR AND COUNCIL OF MACON *v.* WING.

1. Although the evidence as to the damage sustained by the plaintiff was conflicting, that of each of a number of witnesses in the case was sufficient to authorize the verdict.

2. The right of access from a street by the owner of land abutting on such street is a property right of which he can not be deprived without compensation ; and when a municipal corporation, in the exercise of the power conferred on it to grade and improve its streets, destroys or impairs such right, the corporation is liable to the owner in an action for damages.

Argued February 7, — Decided March 27, 1901.

Action for damages. Before Judge Nottingham. City court of Macon. July 14, 1900.

*Minter Wimberly,* for plaintiff in error.
*S. A. Crump* and *Guerry & Hall,* contra.

Little, J. Wing instituted an action against the Mayor and Council of the City of Macon, to recover damages for injuries sustained by the change of grade and narrowing of a street, and by moving the sidewalk away from his property. The evidence established the following facts: Wing owned a lot on which was situated a brick storehouse in the City of Macon. The original street on which his land abutted was very wide and uneven. In 1897 the municipal authorities narrowed the street and put down a new sidewalk, curbing, etc., leaving a space of about twenty-five feet from the new sidewalk to the door of Wing's building, in front of which the sidewalk originally ran. At different places up and down the street other landowners had brought out their buildings over the intervening space between their respective lots and the new line, so as to be immediately adjacent to the new sidewalk. There was a

conflict in the evidence as to whether the grade of the original street had been lowered, and also as to whether the pecuniary value of the land and building of Wing had been diminished because of these changes in the street.   Very much evidence was introduced pro and con on these and other questions material to the issue.   The jury returned a verdict for the plaintiff for two hundred and eighteen dollars.   The defendant made a motion for a new trial, which was overruled, and it excepted.

1. The motion contains a number of grounds alleging error on the part of the trial judge in the admission of evidence and in charging the jury.   These we have carefully considered, and, as explained by notes made to several of them, we are of the opinion that the judge did not err, either in the admission of evidence, or in giving the instructions to the jury, of which complaint is made. It is also insisted that the verdict is contrary to the evidence and without evidence to support it.   With this contention we can not agree.   The evidence as to the damage which the plaintiff claimed he sustained, and whether his land had been benefited or injured by the change in the street, was conflicting.   However, a number of witnesses who were sworn in the case by the plaintiff testified that the property was damaged, and to the amount of such damage, in almost every case exceeding that named by the jury.   A case similar to this in all respects was heard and determined by this court on the refusal of the judge to grant a new trial to the City of Macon (*Mayor and Council of Macon* v. *Ryle*, 108 *Ga.* 810), and this court ruled in that case that the evidence, though conflicting, authorized the judgment which was rendered.   So we rule again.

2. It is also claimed that the verdict was contrary to law.   We think not.   The right of access from a street to his land is a property right of the owner of land abutting on such street.   It has been called the " easement of access," and it is so far regarded as private property that not even the legislature can take it away and deprive the owner of it without compensation.   Elliott on Roads & Streets (2d ed.), § 695, and authorities cited in note 4, page 749. In the case of *Austin* v. *Augusta Terminal Ry. Co.*, 108 *Ga.* 671, this court ruled that property was damaged in the sense of the constitution when there was some physical interference with a right or use appertaining to the property.   See also 24 Central L. J. 51. That the municipal corporation is liable for such injuries see *City*

*of Atlanta* v. *Green*, 67 *Ga.* 386, and *Pause* v. *Atlanta*, 98 *Ga.* 92. The evidence was practically undisputed that access to the building owned by Wing was rendered more difficult by the narrowing of the street and change of the sidewalk by the municipal corporation. It is true that the principal item of damage shown by the evidence resulted from the location of other buildings on land which was formerly a part of the street, so as to conform to the new line. Unless authority was given for the erection of such buildings by the municipal authorities, it would not at all follow that they would be responsible for the damages caused by such erection. It would, however, as we think, follow, that if such erections were caused by the action of the municipal authorities, not only might the owners of the new buildings be liable if their building was unauthorized, but the municipal corporation would be, if they caused the occupancy of the street which damaged plaintiff. There was sufficient evidence in this regard to show that the erection of the new buildings on the space left between the old and the new sidewalk, and the bringing out of the old buildings to the new line of the street, was done by authority and permission of the Mayor and Council of the City of Macon. Indeed the jury could readily have determined from the evidence of the officers of the city that it was the intention of the city authorities that this should be done when the street was narrowed. The plaintiff testified that he saw a deed made by the city authorities to one of these abutting land owners whose building was subsequently brought out, conveying the encroachment between the old and the new sidewalk. Not only so, but the commissioner of public works of the City of Macon testified that, if the property of the plaintiff were his, he would avail himself of the opportunity that the city gave to them, knowing where the curb line would be for months before it was put down, and that "it was expected all of them would do so. Some did, but some did not. I think it would repay them to do so. Their conditions would be much better off." The jury having determined the contested questions of fact, and there being evidence upon which they could properly rest their verdict, and no error of law having, as we think, been committed, it must be ruled that the verdict was not contrary to law.

*Judgment affirmed.    All the Justices concurring.*