28433. BROOKS COUNTY *v.* ELWELL.

DECIDED OCTOBER 5, 1940.

312

*Lamar Murdaugh, D. C. Chalker, C. E. Jackson, Wallace E. Harrell, Stanley S. Bennett,* for plaintiff in error.

*P. Q. Bryan, C. E. Hay,* contra.

SUTTON, J. The plaintiff struck from paragraph 3 the reference to giant oak trees in the center of the street. The rest of the paragraph, taken in connection with other allegations of the petition, is not subject to the ground of demurrer that the allegations are not such as to show liability on the part of the defendant for damaging private property for public purposes. The court properly overruled this ground. The reference in paragraph 4 to oak trees in the center of the street is conceded by defendant in error to have been improperly made. The allegation that the occupants

of houses along the street enjoyed, before the construction of the overpass, "a freedom of vision as to all traffic going to and fro on said street" suggests at most only a present inconvenience in not having the same view. Such inconvenience to the plaintiff is not a basis for recovery in an action for damage to property, as provided against by article 1, section 3, paragraph 1, of the State constitution. *Southern Railway Co.* v. *Leonard*, 58 *Ga. App.* 574, 581 (199 S. E. 433). The court erred in not striking this allegation, but did not err in overruling the second special ground of the demurrer as to the other allegations of paragraph 4. Direction is given that the words "with three rows of giant oaks thereon" be stricken from this paragraph. For the reason that recovery in an action of this kind can not be based on an affront to esthetic taste or personal inconvenience, the following language should have been stricken under the third special ground of demurrer, and it is directed that it be stricken, to wit: (a) "And the landscape, with its three rows of giant oaks, was pleasing to the sight." (b) "The glare from same [the white retaining walls] is so bright that petitioner can not sit on his front porch in comfort when the sun is shining, and the landscape is completely shut out of view." (c) "And petitioner can not see across the street, nor can he recognize any one who passes over said overpass." The remaining allegations of paragraph 5 are not subject to the objections of the third special ground of demurrer.

The allegations of paragraph 6 are not subject to the fourth special ground of demurrer that they are mere conclusions of the pleader without supporting facts. The pleader is not obliged to set out the evidential facts as to value, before and after the construction of the overpass, but may allege generally the values, not as conclusive, but subject to being proved on the trial of the case. The allegation that "said storehouse and filling-station had a rental value of $40 per month," and "said store and filling-station has been completely destroyed as business property," is not subject to the objection urged in the fourth special ground of demurrer that the allegation does not show any liability on the defendant. It shows rental value from which the market value of the property before the change in the street was made could be determined, which market value the plaintiff alleged to have been $4000, but which, after the construction of the overpass, had depreciated to

$100. The allegation is pertinent, not as a basis for recovery of rental value, but as a basis for computing the market value of the storehouse and filling-station as a part of the realty.

The allegations of paragraph 7, with respect to damaging plaintiff's property, are not subject to the objections urged in the fifth special ground of demurrer, that they are mere conclusions of the pleader without allegations of supporting facts. It is not necessary that the supporting facts be alleged in the same paragraph, and the conclusions are supported by sufficient allegations elsewhere in the petition as to the change of grade and construction of the overpass having damaged the property of plaintiff, although it is not shown that any property was "appropriated" or taken. In the latter respect the word "appropriated" is subject to the objection made, and direction is given that it be stricken, as the action is obviously one to recover for *damage* to property.

With the elimination of the language above referred to and ordered to be stricken, the petition as amended nevertheless sets forth a cause of action for damage to the realty of the plaintiff, and is maintainable under the constitutional provision that "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." Code, § 2-301. It is shown that the plaintiff's property was located on a highway which was part of the State-aid road system; that in 1938 the State Highway Department changed the grade of the street and constructed an overpass over the A. C. L. Railroad tracks crossing the street, approximately thirty feet high, in such a way that it left on each side of the northern approach a ground-level alley about fifteen feet wide, which runs 750 feet to a deep, open ditch immediately north of the railroad tracks, where a cul-de-sac was formed, whereas previously the street was 135 feet wide and traffic from Quitman, Georgia, to Greenville, Florida, proceeded along the street in front of plaintiff's property, on which was located a two-story dwelling-house and combination storehouse and filling-station, and that because of such construction work plaintiff's property has been damaged in the sum of $7900, in that it formerly had a market value of $9000 and its present market value is only $1100. It is not alleged that the construction work was done by the county, but that it was done by the State Highway Department after the highway had been designated as a part of the system of

State-aid roads; but it was clearly established in *Taylor* v. *Richmond County*, 185 *Ga.* 610 (196 S. E. 37) that a suit like the present one may be maintained against a county. In that case this court certified to the Supreme Court the following question: "Does section 95-1710 of the Code of 1933 (Acts 1919, pp. 242-253), by which it is provided in part that 'The State Highway Department shall defend all suits and be responsible for all damages awarded against any county *under existing laws* [italics ours], whenever the cause of action originates on highways, jurisdiction over which shall have been assumed by said Highway Department under the terms of this law,' authorize an action against the county, with the right of the county to vouch in the State Highway Department to defend said suit, as provided therein, for the taking and damaging of private property in the construction of a bridge and approaches thereto, *situated on a street of a municipality within such county, which street has been taken over by the State Highway Board as a 'State-aid road,'* as provided in the Code, § 95-1705 et seq., where it appears that the county took no part in the construction of said bridge or its approaches, but that same was done solely by the State Highway Department through its employees?" This question was answered in the affirmative, and in the opinion it was said that the liability of the county is primary and that of the State Highway Board is ultimate, and that "As relates to damaging private property for public uses, the liabilities are joint, and the remedy against both is suit against the county in the local courts for the whole damage, with right of the county to vouch the State Highway Board into court in the manner expressed in the statute, by giving notice as therein provided; whereupon the State Highway Board is required to defend the action and be liable for all damages recovered against the county. This procedure is novel but within the legislative powers of the State, and appropriate for enforcement of the declared liabilities of the respective parties arising out of establishment and maintenance of the State-aid roads, the declared object of the legislation."

It is argued that the suit as originally brought did not set forth a cause of action, for the reason that it did not plead the constitutional provision or any statute authorizing a suit against the county; and it is insisted that the petition was thus so defective that there was nothing to amend by, and therefore should have

been dismissed on the original demurrer. Authorities are cited to the effect that a suit against a county can not be maintained unless authorized by statute. These decisions are recognized as sound, but not as authority for the position taken by counsel for plaintiff in error that the constitutional provision relied on by the plaintiff in the trial court should have been so pleaded as to make the petition impervious to attack by general demurrer. The decisions holding that a county, being a political subdivision of the sovereign State, is not liable to a suit for any cause of action unless made so by statute (Code, § 23-1502) have no application here. The right to sue a county for damages for the taking or damaging of private property under the circumstances alleged is not dependent on any statute, but arises out of the constitutional provision which applies to counties as well as to individuals. In *Smith* v. *Floyd County,* 85 *Ga.* 420 (11 S. E. 850), where the plaintiff brought an action against Floyd County for damages to his lot by the building of a bridge, it was said by Chief Justice Bleckley: "The cases heretofore ruled by this court, such as *Smith* v. *Wilkes and McDuffie Counties,* 79 *Ga.* 125, and *County of Monroe* v. *Flynt,* 80 *Ga.* 488, holding that counties are not subject to suit except in cases expressly provided for by statute, are not inconsistent with what we now decide, inasmuch as the supposed causes of action involved in those cases were not within the terms of the constitution. The violation by a county of a constitutional right of the citizen must by necessary implication raise a cause of action in favor of the citizen against the county, unless some means of redress other than suit has been afforded by the legislature. Had the plaintiff's property been damaged in the mode alleged in his declaration, prior to the constitution of 1877, whether done by a city or a county, he would have had no right of action (*City of Atlanta* v. *Green,* 67 *Ga.* 386); but under that constitution cities, counties, and all other public organizations are denied any power or right to cause such damages for public purposes without making compensation. In this respect they are all upon an equal footing, and there is no reason for holding a county exempt from suit for acts done by it for objects within its legal competency, when a city, for like acts done within its legal competency, would not be exempt. The constitution is no less directly applicable to the one than to the other." See also *Millwood* v. *DeKalb County,*

106 *Ga.* 743, 747 (32 S. E. 577) ; *Barfield* v. *Macon County,* 109 *Ga.* 386, 387 (34 S. E. 596). It is elemental that this court will take judicial cognizance of the provisions of the constitution of this State; and accordingly it was not necessary for the plaintiff to plead a provision which applies to a county equally with all. Hence the objection urged that the petition was not amendable is without merit, and as amended it set forth a cause of action for damages to private property for public purposes without just and adequate compensation being first paid.

After the defendant had filed its general and special demurrers, the plaintiff filed an amendment striking paragraph 8 and substituting therefor the allegations that the suit was brought to recover damages to his property, based on article 1, section 3, paragraph 1, of the constitution, and Code, § 95-1710, act of 1919, p. 249, creating the State Highway Department, and the amendatory act of 1922, p. 176, defining its powers, duties, and liabilities, in so far as applicable to the facts set out in plaintiff's amended petition. This amendment was allowed subject to further demurrer. The defendant afterward demurred to the amended paragraph 8 on the ground that it alleged a new and distinct cause of action; and it is contended that the court erred in overruling this ground, and in not dismissing the action. It is urged that under the original petition the plaintiff's suit was based on sections 828 et seq. of Michie's Code, which, it is averred, dealt only generally with the reorganization of the State Highway Department, duties of the State Highway Board, the State highway engineer, and the department's responsibility with reference to constructing roads and maintaining a highway system. This contention is also without merit. Paragraph 7 alleges, that, "in thus changing the grade and constructing said approach and overpass, defendant has damaged and thus appropriated for public use the property of petitioner without any condemnation thereof, or payment therefor, and without the consent of petitioner," and thereby sufficiently shows an intention to base the action on the constitutional provision. While it is also stated in paragraph 8 that the suit is brought in accordance with the Michie Code, sections 828 et seq., it is further stated that plaintiff prays that said defendant vouch the State Highway Department into court to defend the suit; and the only significance of the reference to sections 828 et seq. of the Michie Code is to

perfect the suit against the county in respect to vouching the State Highway Department into court. The subject-matter of these sections of Michie's Code, an unofficial publication, is taken from the act of 1919, p. 242, and certain amendatory acts relating to the reorganization of the State Highway Department, its duties, etc., and in section 2 of the act of 1919 provision is made for vouching the State Highway Department into court when a county is sued under the circumstances named in the act. The amendment merely makes more definite and pleads more accurately the reliance on the constitutional provision against taking or damaging private property without just and adequate compensation being first paid, and cites and quotes the present official Code of 1933, § 95-1710, which codifies in part the act of 1919, pp. 242, 249, as amended by the act of 1922, p. 176, as to suits against counties and the vouching into court of the Highway Department, and specifically cites the acts above mentioned as a basis for the suit in so far as applicable to the facts set out in the petition. The allegations of the amendment to paragraph 8 do not have the effect of introducing a new and distinct cause of action, and the demurrer thereto is without merit.

From what is said above it follows that the court did not err in overruling the general demurrers and special demurrers, except in respect to certain language of the petition which we have directed be stricken.

*Judgment affirmed, with direction. Stephens, P. J., and Felton, J., concur.*