Taft, J,
Relator is entitled to compensation for any property rights of relator that may have been taken from her by reason of the construction described in her petition; and we will assume that, as contended, mandamus is a proper remedy to require respondents to appropriate any property rights so taken. See State, ex rel. McKay, Exr., v. Kauer, Dir. of Highways, 156 Ohio St., 347, 102 N. E. (2d), 703.
The question to be decided is whether there will be a taking of property because the raising of the grade of part of a street in front of the land abutting on that street will substantially interfere with the unobstructed view that the owner of that land has over that street and with the relative harmony of said street with that land. There is no allegation in the petition that relator’s right of access to or from her property has been unreasonably affected.
In 18 American Jurisprudence, 814, Section 183, it is said: “Streets are established to afford light and air, as well as access, to the property through which they pass, and the right to access, light, and air is appurtenant to the property adjacent to the street, and is a part and parcel of it. * * * But the right of the abutting property owner is subject to the rights of the public to use the street for highway purposes. Inasmuch as the rights of the abuttor are subordinant to the rights of the public, there is no taking of private property where streets are used and improved for the purposes of a highway.”
Also in 1 Lewis on Eminent Domain (3 Ed.), 179 et seq., Section 120, it is said:
“* * * as all streets are established primarily for the public use and general good, the right of the public is paramount to the right of the individual. And so the private rights of access, light and air are held and enjoyed subject to the paramount right of the public to use and improve the street for the purposes of a highway. And * * * it follows that, when such uses or improvements are made, no private right is interfered with and consequently no private property is taken. ’ ’
Further, with respect to the “right of the abuttor to an unobstructed view * * * from the premises and an unobstructed view of the premises from any part of the street” it is said in 1 Lewis on Eminent Domain (3 Ed.), 192 et seq., Section 124:
*545 “This light is subject # # * to all legitimate street uses # * * >j
See also 2 Nichols on Eminent Domain (3 Ed.), 370, Section 6.4441 [3], and Jahr on Eminent Domain, 76, Section 54.
Thus, courts have generally refused to recognize claims such as that asserted by relator. See for example Weir v. Palm Beach County (Fla., 1956), 85 So. (2d), 865, Sauer v. City of New York, 206 U. S., 536, 51 L. Ed., 1176, 27 S. Ct., 686, In re City of New York (1949), 300 N. Y., 265, 90 N. E. (2d), 183, and Brooks County v. Elwell (1940), 63 Ga. App., 308, 312, 11 S. E. (2d), 82, 85, 86.
However, in considering this problem, we must recognize, as this court frequently has (Crawford v. Village of Delaware, 7 Ohio St., 459, 465, 466, Cincinnati v. Whetstone, 47 Ohio St., 196, 203, 24 N. E., 409, Cohen v. Cleveland, 43 Ohio St., 190, 193, 1 N. E., 589, Cincinnati & Spring Grove Avenue St. Ry. Co. v. Village of Cumminsville, 14 Ohio St., 523, 547), that, unlike most other courts, it has held that an abutting owner’s easement of access to or from the street is not always subject to the public’s paramount right to use the street for highway purposes. Thus, this court has held that, where an owner of land abutting on a highway has made improvements thereon with reference to an established grade for that highway, a substantial interference with his right of access to those improvements from that highway by a subsequent change of the grade of the highway is a taking of property for which compensation must be provided. Crawford v. Delaware, supra (7 Ohio St., 459), State, ex rel. McKay, v. Kauer, supra (156 Ohio St., 347), Schimmelmann v. Lake Shore & Michigan Southern Ry. Co., 83 Ohio St., 356, 94 N. E., 840, 36 L. R. A. (N. S.), 1164, Smith v. Commrs., 50 Ohio St., 628, 35 N. E., 796, 40 Am. St. Rep., 699, Cincinnati v. Whetstone, supra (47 Ohio St., 196), Cohen v. Cleveland, supra (43 Ohio St., 190), Cincinnati & Spring Grove Avenue St. Ry. Co. v. Village of Cummmsville, supra (14 Ohio St., 523). See Jackson v. Jackson, 16 Ohio St., 163, 168, City of Cincinnati v. Penny, 21 Ohio St., 499, 8 Am. Rep., 73.
In the instant case, it is apparent that relator erected her home after an apparently permanent grade had been established for South Sandusky Street; and, therefore, if we give the *546 same recognition to an abutting owner’s easement for view to and from a street as we have given to his easement for access to a street, we would be required to overrule the demurrer to relator’s petition.
. Although easements for light, air, access and view are frequently referred to together in considering the incorporeal rights that an abutting owner has in a street, it does not follow that, merely because this court has held that the easement for access is not always subject to the public’s easement for highway purposes, it should also hold that those other easements should likewise not always be so subject to that public easement.
Thus, although this court has. often recognized that there may be an implied grant of an easement of access to property (see Baker v. Riee, 56 Ohio St., 463, 47 N. E., 653, Ciski v. Wentworth, 122 Ohio St., 487, 172 N. E., 276, Frate v. Rimenik, 115 Ohio St., 11, 152 N. E., 14. Cf. Trattar v. Rausch, 154 Ohio St., 286, 95 N. E. [2d], 685, Meredith v. Frank, 56 Ohio St., 479, 47 N. E., 656), it has held “that the law of implied grants * * * should not be applied to easements for light and air over the premises of another in any case.” Mullen v. Stricker, 19 Ohio St., 135, 143, 2 Am. Rep., 379.
Generally, there are two primary purposes for the existence of a street or highway. The first is to provide a means of passage for the public and the second is to provide a means of access to and egress from abutting lands. Any other benefits to abutting lands that may result from the existence of a street or highway are merely incidental to such existence and do not generally represent reasons for its establishment as a public highway.
Hence, in our opinion, any rights which owners of such abutting land may have with respect to such other benefits are necessarily held subject to the public right to make improvements for accomplishment of the foregoing two primary purposes for the existence of a street or highway.
Village of Port Clinton v. Fall, 99 Ohio St., 153, 124 N. E., 189, did not involve the improvement of a street or highway for street or highway purposes. Instead, it involved the placing of structures in a street for public purposes which were not street uses. In such a case, the applicable rule is well stated in *547 1 Lewis on Eminent Domain (3 Ed.), 181 et seq., Section 120, as follows:
¡i * * * ag these private rights are subject only to the use and improvement of the street by the public for the purpose of a highway, an interference with these rights by the use or improvement of the street for any other purpose or by any other agency, under legislative authority, is a taking of private property to the extent of such interference. ’ ’
See also Id. 192 et seq., Section 124, 18 American Jurisprudence, 814, Section 183.
Anthony Carlin Co. v. Halle Bros. Co., 23 Ohio App., 115, 155 N. E., 398, and Occo Realty Co. v. New York, Chicago & St. Louis Rd. Co., 33 Ohio App., 414, 169 N. E., 719, likewise are distinguishable from the instant case because they involved improvements for other than street or highway purposes.
There are statements in the opinion in Cohen v. Cleveland, supra (43 Ohio St., 190), and inferences may be drawn from some of the words of its syllabus that are difficult to reconcile with our conclusion in this case. Thus, the syllabus in the Cohen case, after stating that the petition “alleged that the viaduct diverts travel from that part of Superior Street, impairs the light and air to Cohen’s premises, causes noise and the jarring of his house day and night, and has impaired the value of his property and reduced its rental value,” states that “on proof of the alleged injury, Cohen is entitled to damages.” It might be inferred from those statements that proof of impairment of light and air would be sufficient for the award of damages. However, the allegations with respect to that impairment are in the conjunctive with the allegations with respect to the noise and jarring of the house day and night. Proof of the latter allegations might possibly have justified damages as indicated by our holding in Lucas v. Carney et al., Board of County Commrs., 167 Ohio St., 416, 149 N. E. (2d), 238, even as that case may have been limited by Crisafi v. City of Cleveland, 169 Ohio St., 137, 141, 158 N. E. (2d), 379. See also Letts v. Kessler, 54 Ohio St., 73, 82, 42 N. E., 765, 40 L. R. A., 177. Furthermore, the allegations with respect to impairment of light and air are in the conjunctive with the allegations with respect to diversion of traffic ; and proof of the latter allegations would probably have jus *548 tified damages under our holding in Schimmelmann v. Lake Shore & Michigan Southern Ry. Co., supra (83 Ohio St., 356), 376. But see our later holdings in State, ex rel. Merritt, v. Linzell, Dir., 163 Ohio St., 97, 126 N. E. (2d), 53, and New York, Chicago & St. Louis Rd. Co. v. Bucsi, 128 Ohio St., 134, 142, 190 N. E., 562, 93 A. L. R., 632. Hence, the syllabus and decision in the Cohen case are not necessarily inconsistent with our conclusion in the instant case. None of the authorities, cited in support of that part of the Cohen opinion (pages 193, 194) which suggests that damages can be awarded for impairment of light and air to abutting premises by a highway improvement, actually involved an award for such an impairment by such an improvement. Also, a reading of the Cohen opinion tends to indicate that perhaps (1) the only question presented to the court was whether Cohen was the “owner of a lot ‘bounding and abutting upon the proposed improvement’ within the meaning of” a certain statute and so required to file a claim in order to recover for his damages, and (2) the question, whether if he was not such an owner and so not required to' file a claim he would have been entitled to recover, was not really presented to the court for decision.
Our conclusion is that there is no taking of property merely because the raising of the grade of part of a street in front of land on that street, in making an improvement for street or highway purposes only, substantiálly interferes with the view that the owner of that land had over that street and with the relative harmony of the street with his land.
It follows that the demurrer to the petition must be sus- . tained and the writ of mandamus d’enied.

Demurrer sustained and writ denied.

Weygandt, C. J., Zimmerman, Matthias, Bell, Herbert and Peck, JJ., concur.