25161. PHILLIPS et al. v. GEORGIA POWER COMPANY.
25162. MOTES v. GEORGIA POWER COMPANY.

FRANKUM, Justice. In each of these cases the plaintiff sought to enjoin defendant, Georgia Power Company, from proceeding with the condemnation of a right of way over the lands of the plaintiff. In each case the plaintiff therein contended in his original complaint that the defendant was seeking to acquire more land than was necessary, and by amendment each of them added the further contention that the provisions of the Special Master Act, under which the condemnor was proceeding, which declares that the exclusive judge of the necessity for the taking of the property shall be the condemning body, deprives the plaintiff of his constitutional right to a trial by jury in a court of law and to have witnesses present to testify as to the necessity of the taking. The defendant filed its defenses, its fifth defense in each case being that the plaintiff has an adequate remedy at law and is not entitled to any equitable relief in that the plaintiff has the right to appear in the pending condemnation proceeding in order to present any defense to the condemnation that he might have. The trial court entered an order in each case which in effect denied to the plaintiff the relief sought. *Held:*

1. "A defendant cannot decline to litigate in a suit in which he has already been brought into court, by bringing another action, but is bound to set up all defenses in the first suit. *Jeffrey McElreath Mfg. Co. v. Hill,* 212 Ga. 183 (91 SE2d 337) and cases there cited." *Fulton County v. Aronson,* 216 Ga. 497 (1) (117 SE2d 166).

2. The complaint of the plaintiff in each of these cases showing on its face that there was pending at the time it was filed another suit brought by the Georgia Power Company under the provisions of Ga. L. 1957, p. 387, as amended (*Code Ann. Ch.* 36-6A), seeking to condemn a right of way across the plaintiff's land, in which suit the plaintiff could have set up the contentions which he seeks to assert in the injunction case, the trial judge did not err in denying to the plaintiff in each case the relief sought therein. In addition to the cases cited above, see: *City of Carrollton v. Walker,* 215 Ga. 505 (111 SE2d 79); *Kellett v. Fulton County,* 215 Ga. 551, 554 (111 SE2d 364); *Johnson v. Fulton County,* 216 Ga. 498 (117 SE2d 155); *Reeves v. City of Atlanta,* 216 Ga. 592

(118 SE2d 378). In this connection compare the provisions of § 13A of the Civil Practice Act (*Code Ann.* § 81A-113). *Judgment affirmed in each case. All the Justices concur.*

ARGUED APRIL 15, 1969—DECIDED MAY 8, 1969.

*Brown & Dollar, James R. Dollar, Robert J. James, Jr., Johnson & Lane, Harold A. Lane,* for appellants.

*Robert J. Noland, Noland & Coney, Troutman, Sams, Schroder & Lockerman, T. M. Smith, G. Dean Booth, Jr.,* for appellee.