25284. JONES et al. v. GEORGIA POWER COMPANY.

ARGUED JULY 14, 1969—DECIDED SEPTEMBER 9, 1969.

*Gilbert & Head, Henry C. Head, Howe & Murphy, Harold L. Murphy,* for appellants.

*Tisinger & Tisinger, Robert B. Tisinger, Troutman, Sams, Schroder & Lockerman, T. M. Smith, G. Dean Booth, Jr.,* for appellee.

GRICE, Justice. This appeal emanates from the denial of property owners' prayer for temporary injunction to restrain a public utility from exercising the power of eminent domain sought by it against them in another proceeding.

E. B. Jones, Jr., and Frank L. Cunningham filed their complaint against Georgia Power Company in the Superior Court of Carroll County.

The complaint alleges that the condemnation proceedings should be enjoined because of the contentions which, in essence, follow.

The defendant has no right to condemn property under the provisions of Chapter 36-6A of the Georgia Code Annotated (Ga. L. 1957, p. 387, as amended) ; it has failed to comply with the provisions as to service and scheduling of the hearing; the proceeding for the taking of their property in Haralson County is without the authority of a special master within the Coweta Judicial Circuit; it seeks to acquire more of the plaintiffs' property than it needs; it has discriminated in the determination of rights of way necessary; it has not elected whether the interest sought shall be an easement or a right of way.

The complaint also recites that the taking of plaintiffs' property is in violation of the Constitution of Georgia, Article I, Section III, Paragraph I (*Code Ann.* § 2-301) ; that the defendant seeks the exercise of eminent domain illegally and is proceeding tortiously; and that the plaintiffs are entitled to recover damages and all costs and expenses, including reasonable attorney's fees.

The prayers of the complaint included temporary and permanent injunction restraining the defendant from the exercise of the power of eminent domain sought by it in the condemnation proceeding, recovery of damages in a stated amount, attorney's fees and costs, and general relief.

To this complaint the defendant filed an answer which denied the essential allegations and asserted other matters. One defense alleged that the plaintiffs have an adequate remedy at law, in that they have the right to appear in the condemnation proceeding, present evidence on all issues and appeal if they should be dissatisfied with the result.

Upon the interlocutory hearing considerable evidence was introduced, but in our view it is not necessary to incorporate it here.

What we regard as decisive is that all of the contentions which the plaintiffs now make, as indicated by the complaint summarized above, could have been urged in the condemnation suit.

In this connection, we conclude that the following holding in two recent cases, *Phillips v. Georgia Power Co.* and *Motes v. Georgia Power Co.*, 225 Ga. 289 (168 SE2d 150), controls here: "1. A defendant cannot decline to litigate in a suit in which he has already been brought into court, by bringing another action, but is bound to set up all defenses in the first suit. [Citations.]

"2. The complaint of the plaintiff in each of these cases showing on its face that there was pending at the time it was filed another suit brought by the Georgia Power Company under the provisions of Ga. L. 1957, p. 387, as amended (*Code Ann. Ch.* 36-6A), seeking to condemn a right of way across the plaintiff's land, in which suit the plaintiff could have set up the contentions which he seeks to assert in the injunction case, the trial judge did not err in denying to the plaintiff in each case the relief sought therein . . . [Citations]."

For this reason alone we deem that the action of the trial court was correct.

*Judgment affirmed. All the Justices concur.*