45396. GEORGIA POWER COMPANY v. JONES et al.

ARGUED JUNE 1, 1970—DECIDED OCTOBER 13, 1970.

*Neely, Freeman & Hawkins, Paul M. Hawkins,* for appellant.

*Howe & Murphy, Harold L. Murphy, W. A. Foster, III,* for appellees.

QUILLIAN, Judge. The appellant contends that the motion for summary judgment should have been granted for two reasons: (1) the record shows that the parties who cleared the land were acting as independent contractors and not as agents or servants of the defendant; (2) the damages sought in this case should properly have been included in the condemnation proceeding pending in Carroll County and were not subject to an independent action.

■ In support of its first contention the defendant cites *Dekle v. Southern Bell Tel. & Tel. Co.,* 208 Ga. 254 (66 SE2d 218), as authority for the fact that an employer is not responsibile for torts committed by, or for acts of, an independent contractor. However, in our view, this argument had been decided adversely to appellant's contentions in the case of *Woodside v. Fulton County,* 223 Ga. 316 (155 SE2d 404). That case involved a suit seeking damages for negligent construction accomplished in the course of a previous eminent domain project. The defense there made was that the acts were performed by ones who were independent contractors. It was there pointed out in a thorough examination of the authority relative to this question: "The generally accepted

rule seems to be that a condemnor cannot immunize itself from its constitutional obligation to pay compensation for the taking or damaging of property done pursuant to the power of eminent domain." *Woodside v. Fulton County,* 223 Ga. 316, 320, supra. The Supreme Court considered the exceptions contained in *Code* §§ 105-501, 105-502, as construed in *Dekle v. Southern Bell Tel. & Tel. Co.,* 208 Ga. 254, supra, and held (p. 321): "Whether, as that decision seems to indicate, the statute embodied in these Code sections is exhaustive as to exceptions to the rule of non-liability of an employer for the acts of an independent contractor, it must yield to and cannot control the constitutional duty imposed upon a condemnor to pay compensation for the taking or damaging of private property for public purposes whether or not such taking or damaging was done by an independent contractor hired by the condemnor."

Under the authority of this decision, we therefore hold that the defendant cannot escape liability for the damaging of plaintiffs' property on the ground that the actual injury was accomplished by an independent contractor.

■ The defendant's second contention is that the damages attendant on the acts complained of are compensable in the condemnation proceedings which are pending, citing *Best v. Ga. Power Co.,* 224 Ga. 669 (164 SE2d 125); *Phillips v. Ga. Power Co.,* 225 Ga. 289 (168 SE2d 150); *Jones v. Ga. Power Co.,* 225 Ga. 510 (169 SE2d 810).

*McArthur v. State Hwy. Dept.,* 85 Ga. App. 500 (69 SE2d 781) contains a clear statement of the established rule that damages to the remainder of the property caused by the negligent or improper construction of the improvement are not proper for consideration in a condemnation proceeding but are subject for a separate suit for damages. This rule has been recognized by both Georgia appellate courts, as well as the courts of foreign jurisdictions. *Central Ga. Power Co. v. Mays,* 137 Ga. 120 (72 SE 900); *Whipple v. County of Houston,* 214 Ga. 532 (105 SE2d 898). 27 AmJur2d 180, Eminent Domain, § 345. Damages not necessarily arising from a lawful taking and proper construction and operation of the improvement cannot be recovered in a condemnation proceeding, the remedy of the landowner being an independent action for damages. 29A CJS 694, 695, 696, Eminent Domain, § 161.

Under *Code Ann. Ch.* 36-6A (Ga. L. 1957, p. 387 et seq., as amended), on appeal from a finding by the special master the issues for the jury are valuation of the property taken, consequential damages, and other damages as set forth in *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884, 20 ALR3d 1066); *Wiggins v. City of Macon,* 120 Ga. App. 197 (1) (169 SE2d 667). See *Johnson v. Fulton County,* 103 Ga. App. 873 (121 SE2d 54); *Anthony v. State Hwy. Dept.,* 215 Ga. 853 (113 SE2d 768). The cases cited by the defendant recognized that, under *Code Ann. Ch.* 36-6A, the parties having an interest in the property may appear before the special master and make known "their claims as to the value of the property and any other matters material to their respective rights." For this reason, the Supreme Court in a long line of cases has refused to allow a separate suit for injunction or in equity since the issues might be raised under the special master proceeding. *City of Carrollton v. Walker,* 215 Ga. 505 (111 SE2d 79); *Fulton County v. Aronson,* 216 Ga. 497 (117 SE2d 166); *Reeves v. City of Atlanta,* 216 Ga. 592 (118 SE2d 378). Our research does not reveal any of these cases holding that a suit for the recovery of damages resulting from negligent acts of the condemnor must be included in the condemnation proceedings. See *Woodside v. Fulton County,* 223 Ga. 316, supra. See in this connection *City of Atlanta v. Airways Parking Co.,* 225 Ga. 173, 181 (167 SE2d 145).

However, two of the recent cases, *Best v. Ga. Power Co.,* 224 Ga. 669, supra, and *Phillips v. Ga. Power Co.,* 225 Ga. 289, supra, refer to Section 13 of the Civil Practice Act (*Code Ann.* § 81A-113; Ga. L. 1966, pp. 609, 625). This section requires the pleading of a compulsory counterclaim or any claim which "arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim." We do not determine whether this language changes the rule of law established prior to the Civil Practice Act. For, there are recognized exceptions and requirements for a compulsory counterclaim; one of which is present in this case. The requirement is that the claim which the pleader has against the opposing party must exist "at the time of serving the pleading." *Code Ann.* § 81A-113 (a).

Under *Code Ann.* § 81A-113 (e): "A claim which either matured or was acquired by the pleader after serving his pleading may,

with the permission of the court, be presented as a counterclaim by supplemental pleading." Thus, a claim which occurs subsequent to the time of serving the pleading would fall in the category of a permissive counterclaim. 2 Kooman, Federal Civil Practice (2d Ed.), 161, 183, §§ 13.10, 13.14; 3 Moore's Federal Practice, 37, 38, § 13.14; 4 Georgia State Bar Journal 205, 211, 214 (1967). The record in this case reveals that the damage to the property took place after the hearing before the special master but before the hearing in the superior court. There is no showing as to whether this was prior to or subsequent to the time the plaintiff in this case served or was required to file his pleading in the other pending case. On motion for summary judgment, the burden was upon the movant, in this case the defendant, to establish that the plaintiffs had no valid cause of action in the court. Having failed to establish that the plaintiffs were compelled to have filed this action in the other pending suit, the trial judge did not err in overruling the motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*