48639. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. TUCKER et al.

EVANS, Judge. David Preston Daniel filed suit against Julius M. Tucker, Jr. for personal injuries alleged to have been received as a result of Tucker's backing an automobile into and against Daniel and injuring his leg. On the day following the service of the complaint and summons upon Tucker, his wife telephoned State Farm Mutual Automobile Insurance Company and advised it of the suit, and the copy of complaint and summons was promptly delivered to State Farm. State Farm gave written notice to its insured, Tucker, that it would have its attorneys represent him under a "reservation of rights notice," and thereafter defensive pleadings were timely filed in his behalf.

State Farm then filed a petition for declaratory judgment, in which it contended that Tucker had failed to give notice of the claim as soon as he learned of it, and had thus violated a provision of the policy which required such notice, and contended that he had thereby forfeited his right to coverage in this case. Discovery was had after which State Farm filed a motion for summary judgment, which the trial court denied. *Held:*

There is a question for the jury remaining in this case, and it was proper to deny State Farm's motion for summary judgment. Tucker testified by deposition that he had no advance knowledge of the injury and contended that the service of suit was the first time he realized that there was a bona fide contention by Daniel

that Tucker had backed his car into Daniel. He denied that anybody told him at the scene of the alleged injury that he had run against and injured Daniel. At pages 98-99 of the transcript the following questions and answers appear: "Q. Let me ask you these few additional questions: Did Mr. Daniel, in so many words, ever blame you or say that this was your fault, 'you hit me' or anything of that nature, at the scene of the accident? A. No. Q. Or when he came by your home? A. No."

At page 88 of the transcript it is shown that Tucker testified that at the time and place of the alleged injury he stopped his car and a man came to the door window and said, "You *almost* hit a man," or, "You *almost* hurt a man." He testified that he felt no impact and he was sure his car didn't hit him; and at page 89 of transcript he testified that neither of the two adults present ever told him that he had hit Daniel.

A perusal of the transcript on pages 83-84, 90, 94, 96 and 97 will further support Tucker's position that he had no notice of injuring anyone and had never been told by the injured person or others that he had driven his car into or against Daniel.

It is true that Tucker had earlier signed a written statement at the instance of an agent for State Farm, and his testimony in some respects is partly self-contradictory, but the rule is well established that on motion for summary judgment by a party on whom the burden of proof does not lie on the trial of the case, all the evidence must be construed against the movant and in favor of the party opposing the motion; and it is therefore immaterial that there are inconsistencies in the affidavit and depositions of the party opposing such motion. *Columbia Drug Co. v. Cook*, 127 Ga. App. 490, 491 (194 SE2d 286); *Burnette Ford v. Hayes*, 227 Ga. 551 (181 SE2d 866).

*Judgment denying motion for summary judgment is affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED OCTOBER 3, 1973 — DECIDED OCTOBER 11, 1973 — REHEARING DENIED NOVEMBER 7, 1973.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, John A. Sherrill,* for appellant.

*G. Fred Bostick,* for appellee.