## 51860. VIDEO ENTERTAINMENT, INC. v. CARTRIDGE RENTAL NETWORK.

STOLZ, Judge.

The plaintiff-appellant filed suit in the Civil Court of Fulton County for damages arising from the defendant-appellee's alleged breach of a distributorship agreement (contract) entered into between the parties. The contract provided for the plaintiff to be the defendant's distributor for the defendant's products in the cartridge television industry in Georgia, Alabama and certain counties in Florida. The plaintiff corporation was formed for the sole purpose of carrying out the terms and conditions of the contract. The defendant was unable to perform its part of the contract and undoubtedly breached the contract. The plaintiff's action is for money paid for

cartridge television tapes to be resold to the ultimate consumer; prepaid rent on cartridge television tapes to be rented to the ultimate consumer; and the costs incurred "for salaries, insurance, travel, rent, utilities, office equipment, supplies, postage, promotion, freight, subscription expense, organizational expense and other miscellaneous items in the amount of $54,538." The defendant moved to strike the above quoted latter claim of the complaint on the ground that the same was "too remote, speculative and consequential" and that the same "failed to state a claim upon which relief can be granted." After considering briefs and affidavits, the trial judge sustained the defendant's motion and struck the allegation from the plaintiff's complaint. The case is before this court on the grant of the plaintiff's petition for interlocutory appeal. Code Ann. § 6-701 (2) (A, B). *Held:*

While we have been cited much persuasive authority by both litigants, our decision is controlled by Paragraph 18 (e) of the contract: "Indemnification by CRN [defendant]: CRN hereby indemnifies Distributor [plaintiff] against and holds Distributor harmless from any and all . . . damages, losses and expenses arising out of conduct of CRN in breach or nonperformance of the terms and provisions hereof. . ."

The trial judge considered evidence in ruling on the defendant's motion. Thus, we treat it as one for partial summary judgment. Code Ann. § 81A-112 (b) (Ga. L. 1966, pp. 609, 622). All inferences and conflicts are resolved against the defendant movant. *State Farm &c. Ins. Co. v. Tucker,* 130 Ga. App. 187, 188 (202 SE2d 551) and cits.

"Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, as the probable result of its breach." Code § 20-1407.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED MARCH 8, 1976 — DECIDED MAY 6, 1976.

*Davis, Matthews & Quigley, Baxter L. Davis, King &*

*Spalding, John D. Hopkins,* for appellant.
*Lipshutz, Zusmann, Sikes, Pritchard & Cohen, W. William Cohen, Dennis M. Hall,* for appellee.