## 60417. DOWNSIDE RISK, INC. v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

McMURRAY, Presiding Judge.

Several years ago the City of Atlanta established by ordinance an area known as the Underground Atlanta Historic District or Park. The purpose was to renovate older buildings below viaducts and overpasses which had the effect of raising and forming streets above old streets and in particular Old Alabama Street which is parallel to railway tracks through the city. Underground Atlanta generally includes property bounded by state owned land leased to the Louisville & Nashville Railroad on the north; Central Avenue on the east; Martin Luther King, Jr. Drive on the south, and Broad Street on the west. In the early 1900's the area was formerly a portion of the central business district of Atlanta before the elevation of streets over the railroad. In the late 1960's Underground Atlanta, Inc. began redeveloping the area in an architectural motif characteristic of the late 1800's. The properties were then leased to various commercial establishments.

Downside Risk, Inc., d/b/a W. D. Crowley's Steak and Lobster House and Bucket Shop, leased certain premises located on the south side of Old Alabama Street in Underground Atlanta and operated these two businesses.

In 1971, the Metropolitan Atlanta Rapid Transit Authority (MARTA) referendum was passed by the people, approving the basic location and alignment of a rapid transit system and in particular through the downtown railroad gulch in the City of Atlanta. The alignment required the severance of the rear portions of the buildings on the north side of Old Alabama Street in Underground Atlanta. Between April, 1975, and April, 1976, MARTA engaged in the acquisition of the properties for the construction of its rapid transit

line. In August, 1976, it proceeded with the construction in the area and demolition of the buildings on the north side of Old Alabama Street in Underground Atlanta. MARTA agreed to preserve the facades of the demolished buildings in order to preserve the historic character of the area. Two new stairwells were to be installed and were installed in Underground Atlanta on Old Alabama Street from Alabama and Pryor Streets. By December of 1976 the demolition of the buildings was complete. The restoration of the facades of the buildings occurred from November, 1976, to July, 1977.

The properties leased by Downside Risk, Inc., were across Old Alabama Street from where the demolition and restoration of the facades occurred. Ponders Alley, which was another entrance to Underground Atlanta from Plaza Park was closed, although MARTA contends it did not close it. It is noted here that this entrance is across the railroad crossing which had been fenced off by the railroad. The street ends and vacant lots in Underground Atlanta were walled in on the north side of Old Alabama Street to shield the rapid transit line from sight. This construction was carried out by MARTA.

On April 17, 1977, Downside Risk, Inc., as plaintiff, brought an action in 6 counts naming as defendant Metropolitan Atlanta Rapid Transit Authority (otherwise known as MARTA), and as amended, sought compensation for its losses sustained as the result of the actions of the defendant and prayed that defendant be required to pay just and adequate compensation for the damages to its property in accordance with Code Ann. § 2-301 (Art. I, Sec. III, Par. 1 of the Constitution of Georgia of 1945 [now 1976]), including attorney fees.

Plaintiff contends in Count 1 that Underground Atlanta is a unique subterranean entertainment and shopping area and, as such, each of the businesses located therein are mutually dependent upon one another for their success; that it acquired an implied easement or privilege in the other parts of Underground Atlanta by reason of its lease, as well as an equitable servitude upon the land upon which other diverse business establishments are situated and maintained so as to preserve the development scheme upon which plaintiff relied when acquiring its leasehold. It contends that by the taking of the land on the east side of Old Alabama Street, including the diverse commercial establishments located thereon, plaintiff has been deprived of a valuable property right for which it has not been paid just and adequate compensation in violation of the Constitution of Georgia of 1945 (Code Ann. § 2-301, supra).

In Count 2 it contends that with the razing of the buildings on the east side of Old Alabama Street, now totally destroyed, plaintiff was deprived of a valuable stream of commerce provided by those businesses and its leasehold has been seriously diminished without

prior payment of just and adequate compensation as alleged in Count 1 in the damaging of private property for public purposes.

In Count 3 it complains that by reason of the above facts and pursuant to its plans of development defendant MARTA began the construction of its massive rapid transit station nearby, and in the process of construction said facility has engaged in excavating and otherwise removing soil, rock, asphalt, and firmament in the area immediately adjacent to plaintiff's leasehold estate. As a consequence of such operations plaintiff's property has been subjected to the invasion of smoke, dust, dirt, fumes, odors, high decibal noise, vibrations, and other odious bombardments incidental to the use of large earth-moving machines, thereby greatly impairing and impeding plaintiff's physical use and enjoyment of its property. MARTA has closed Old Pryor Street at a point slightly east of its intersection with Old Alabama Street and has thereby wholly negated and impaired the use of said street by persons desiring to enter Underground Atlanta via Old Pryor Street from an easterly direction, thereby depriving plaintiff of a major artery of access to its premises and a valuable stream of commerce provided by said artery, thus taking and damaging private property without prior payment of just and adequate compensation.

In Count 4 it contends that due to the negligent and improper manner in which said improvements have been and continue to be constructed defendant MARTA has created a blemish and eyesore directly in front of plaintiff's commercial establishment so as to amount to a present and continuing nuisance. Such injury and damages suffered by plaintiff will and have greatly and substantially exceeded injury and damages suffered by the public in general; hence, it has suffered losses by reason of the negligent activities and invasions for which it is entitled to be compensated.

In Count 5 it contends that as a direct result of the aforementioned activities of the defendant MARTA, the easement of light, air, and scenic view to plaintiff's leasehold estate has been wholly negated to the great and substantial detriment of its property without prior payment of just and adequate compensation.

In Count 6 it contends that by reason of the creation of the historic zone by public referendum and in reliance upon this public dedication plaintiff entered into the leasehold agreement with Underground Atlanta, Inc., and with the creation on March 17, 1975, by the City of Atlanta of the Historic Park Ordinance, so as to preserve the intrinsic beauty of Underground Atlanta and to insure the project's continued existence, plaintiff continued to occupy its leasehold and acquired an easement in the continued use of the dedicated property for park purposes. It contends that as a result of

the diversion of the park property to other uses by the defendant it suffered special damages to its property for which it has not been paid just and adequate compensation.

Plaintiff prayed for judgment against the defendant on all counts "in an amount sufficient to compensate it fully for its' losses sustained as a result of the actions of the defendant."

The defendant answered, in general denying the complaint, admitting only that it is a public body corporate created for the purpose of constructing, operating, and maintaining a rapid transit system for the metropolitan Atlanta area, and subject to the jurisdiction of the court. It also asserted defenses of estoppel, waiver, accord and satisfaction, laches, release, license and statute of frauds.

After discovery, defendant moved for summary judgment on the ground that there was no genuine issue as to any material fact and it was entitled to judgment as a matter of law. Further discovery then occurred, and the defendant consented that the time within which plaintiff might respond to the motion for summary judgment be extended on numerous occasions.

Plaintiff contends that by reason of its evidence and pleadings it is entitled to a jury trial on the issue of taking and damages resulting from the destructive interference with the use of its premises, its equitable servitude, the changes in pedestrian traffic flow and changes in the access to its property and by reason of the loss of special property rights as well as whether defendant's activities in Underground Atlanta constitute a nuisance to which it is entitled to an award of damages. It contends that this litigation is an inverse condemnation and nuisance action arising out of the construction of the rapid rail transit system through Underground Atlanta.

Defendant contends that it did not physically take any property of the plaintiff, submitting numerous and voluminous affidavits and depositions with reference to the construction of the rapid transit rail line through Underground Atlanta, all of which was done pursuant to its lawful obligation to construct public improvements; and that the work was not done in an illegal manner. It offered affidavits of its expert construction personnel that the construction in Underground Atlanta and the adjacent areas was done in a competent manner according to the plans and specifications and was accomplished through the use of reasonable and prudent construction methods, generally accepted in the construction industry; that all reasonable and normal steps had been taken to minimize the impact of construction on adjacent property, and there has been no noise, dust, dirt, debris, blemish or eyesore created by the construction in the vicinity of the Underground Atlanta area "other than the necessary and normal consequences of normal construction," all of which was

"a normal, temporary inconvenience of construction of a public project," and none of these conditions will be a part of the "permanent improvement after the completion . . . ."

The motion for summary judgment came on for hearing, and the court found defendant's activities were done pursuant to defendant's lawful obligation to construct public improvements; plaintiff's property was never physically touched or damaged in any way by the taking of any property or by the construction work done by defendant; general access to Underground Atlanta was not reduced; the wall construction did not in any way reduce the public's access to and from plaintiff's property; construction work was not conducted in any illegal manner, and the access from various parts of the Atlanta community to the property were as available after MARTA's taking of properties as it was before the taking of such properties. The court found no taking of plaintiff's property, no unlawful interference with plaintiff's property, and no unlawful activity by the defendant. Summary judgment was granted in favor of defendant. Plaintiff appeals. *Held:*

1. In general, damages caused by mere temporary inconvenience due to the construction of a public project is not a proper element for consideration in determining just and adequate compensation in a condemnation proceeding. See *MARTA v. Datry,* 235 Ga. 568, 580 (220 SE2d 905); *State Hwy. Dept. v. Hollywood Baptist Church,* 112 Ga. App. 857 (2) (146 SE2d 570); *Dept. of Transp. v. Dent,* 142 Ga. App. 94 (1) (235 SE2d 610). Indeed it has been held that a temporary obstruction is not a taking or damaging of property under the Constitution by eminent domain, and the temporary obstruction of right of ingress and egress does not deprive one of his private property. *Brown v. City of Atlanta,* 167 Ga. 416 (145 SE 855).

2. However, there is a broad distinction between the taking by deprivation (dominion and possession of private property) and the damaging of private property by public construction. See *Brown v. City of Atlanta,* 167 Ga. 416, 428, supra; *Ga. Power Co. v. Jones,* 122 Ga. App. 614, 616 (2) (178 SE2d 265), and cases cited such as *McArthur v. State Hwy. Dept.,* 85 Ga. App. 500 (69 SE2d 781). Compare *Moore v. City of Atlanta,* 70 Ga. 611 (3) (4); *Chambers v. Cincinnati and Ga. R. R.,* 69 Ga. 320.

In such cases an independent suit for damages, such as here, is the proper method to seek recovery for such damages rather than in the condemnation suit. *MARTA v. Datry,* 235 Ga. 568, 580, supra; *Ga. Power Co. v. Jones,* 122 Ga. App. 614, 616 (2), supra. *McArthur v. State Hwy. Dept.,* 85 Ga. App. 500, supra, and cases cited.

3. Where construction of a public project merely causes per-

sonal inconvenience, annoyance and discomfort to the occupants of property, such property has not been compensably damaged. See *Austin v. Augusta Terminal R. Co.,* 108 Ga. 671 (3), 685 (34 SE 852); *Campbell v. The Metropolitan Street R. Co.,* 82 Ga. 320 (9 SE 1078); *MARTA v. Datry,* 235 Ga. 568, supra; *State Hwy. Dept. v. Hollywood Baptist Church,* 112 Ga. App. 857, supra. Absent a showing of special damages, that is, physical damage to property different from that kind suffered by the general public from dust, noise and debris flowing naturally from any major construction and which affect the general public no compensable damage is shown. See *Tift County v. Smith,* 219 Ga. 68, 72 (131 SE2d 527); *Pause v. City of Atlanta,* 98 Ga. 92 (2), 99-103 (26 SE 489); *Southern R. Co. v. Leonard,* 58 Ga. App. 574, 581 (199 SE 433). Thus actual damage must be shown in such a case as here. See *Southern R. Co. v. Leonard,* 58 Ga. App. 574, 581, supra, and cases cited.

4. Nuisance is generally applied to that class of wrongs that arise from the unreasonable, unwarranted or unlawful use of property. *Wilson v. Evans Hotel Co.,* 188 Ga. 498, 504 (4 SE2d 155). In fact, a nuisance is defined as "anything that works hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance." Code § 72-101. However, that which the law authorizes to be done, if done as the law authorizes, is not a nuisance. See *Elder v. City of Winder,* 201 Ga. 511 (40 SE2d 659); *Collins v. Lanier,* 201 Ga. 527 (40 SE2d 424); *Sou. R. Co. v. Leonard,* 58 Ga. App. 574, supra. If a public project is legislatively sanctioned it cannot be adjudged a nuisance. *Ga. R. &c. Co. v. Maddox,* 116 Ga. 64 (42 SE 315); *Wilson v. Evans Hotel Co.,* 188 Ga. 498, 504, supra.

5. It has been held that interfering with access to premises, by impeding or rendering difficult ingress or egress, is such a taking and damaging as entitles a party injured to compensation under a provision for compensation where property is damaged. *Pause v. City of Atlanta,* 98 Ga. 92, 101, supra; *Mayor and Council of Macon v. Wing,* 113 Ga. 90 (38 SE 392); *City of Atlanta v. Dinkins,* 46 Ga. App. 19 (166 SE 429). In *Dougherty County v. Hornsby,* 213 Ga. 114, 117 (1) (97 SE2d 300), in the construction of certain curbing "to and in front of petitioner's property which impaired the means of ingress and egress thereto, thereby depreciating its market value and damaging his property for public purposes without just and adequate compensation being first paid," has been held to entitle the injured party to a claim for damages. It was further held in that case in Division 2, at Page 118, that even though there is no duty upon the public authority (Dougherty County) to supply the petitioner with customers by furnishing a flow of traffic by his place of business, yet

"defendant is liable for any interference with the right of ingress and egress to the petitioner's property, and this allegation would be material in determining any diminution in the market value of the property by reason of such interference. *City of Atlanta v. Atlas Realty Co.,* 17 Ga. App. 426 (2) (87 SE 698); *Howard v. County of Bibb,* 127 Ga. 291 . . ."

6. The property owner has a right to seek damages against a public authority when such public authority is engaging in some form of inverse condemnation. *Duffield v. DeKalb County,* 242 Ga. 432 (249 SE2d 235); *Pause v. City of Atlanta,* 98 Ga. 92, supra. However, the case sub judice is not an original condemnation suit but a separate suit for damages resulting from alleged damages by a public corporation or authority.

Plaintiff's evidence while contradicted by expert testimony of defendant's deponents established that among other elements of taking the destruction of the portion of Underground Atlanta complex lying north of Old Alabama Street had a severe destructive impact on plaintiff's use of its premises. The defendant contends that this was merely temporary, but it caused the plaintiff to cease its operations in the underground area in order to lessen the economic impact. It is quite clear that destruction of about 30% of the Underground Atlanta area forever altered the character of the complex and resulted in the loss of both of these businesses. See in this connection *Griffin v. Wittfeld,* 143 Ga. App. 485, 486 (2) (3) (238 SE2d 589), which requires that the burden is on the movant (the defendant in this case) to affirmatively negate plaintiff's claim and show plaintiff is not entitled to recover under any theory of the case, and the evidence must demand a finding in favor of the movant. See also *First of Ga. Ins. Co. v. Josey,* 129 Ga. App. 14, 15-16 (3) (198 SE2d 381); *State Farm Mut. Auto. Ins. Co. v. Tucker,* 130 Ga. App. 187 (202 SE2d 551).

Indeed, until the movant has made a prima facie showing by evidence demanding a finding in its favor, there is no duty upon the opposing party to produce rebuttal evidence. See *Henderson v. Atlanta Transit System,* 133 Ga. App. 354, 356 (1) (210 SE2d 845) and cases cited therein.

The petition here is in 6 counts, and the summary judgment motion is in general to the entire case, not to the various counts. The trial court in rendering its judgment in favor of the defendant did make findings as to the construction of the public improvements, the location of the property condemned, and it recited that the plaintiff's property was adjacent thereto across Old Alabama Street and was never physically touched by the construction work. However, the evidence was in conflict as to the consequences arising from the

destruction and construction. Nevertheless, issues of material fact remain as to all the various and sundry claims of damage. The trial court erred in granting the motion for summary judgment. See in this connection *Brooks County v. Elwell,* 63 Ga. App. 308 (11 SE 2d 82); *MARTA v. Datry,* 235 Ga. 568, 577, supra; *Pause v. City of Atlanta,* 98 Ga. 92, 99-100, supra; *Duffield v. DeKalb County,* 242 Ga. 432, supra; *Holman v. Athens Empire Laundry Co.,* 149 Ga. 345 (100 SE 207); *City of Gainesville v. Pritchett,* 129 Ga. App. 475, 479 (199 SE2d 889).

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED SEPTEMBER 3, 1980 — DECIDED OCTOBER 24, 1980 —

*Frank Love, Jr., Jeffrey W. Kelley, Thomas D. Harper,* for appellant.

*Charles N. Pursley, Jr., Robert A. Boas,* for appellee.