## 67517. FLO-ROB, INC. v. COLONIAL PIPELINE COMPANY.

CARLEY, Judge.

Appellee-condemnor owns a pipeline which extends across certain property of appellant-condemnee. Corrosion problems and related difficulties arose with regard to the pipeline, and appellee determined that a protective device was necessary. Pursuant to OCGA §

22-2-100 et seq., appellee instituted in rem proceedings to condemn certain land of appellant to be used for the installation of the protective device. Asserting that it had been damaged as a result of the defective pipeline, appellant filed a counterclaim against appellee, alleging nuisance, trespass, negligence, and inverse condemnation. Appellant sought monetary compensation and an injunction prohibiting the use of appellee's pipeline until pollution allegedly caused by appellee was abated. Appellee moved to dismiss appellant's counterclaim on the ground that the special master did not have authority to entertain any issues other than the valuation of the subject property. The special master ruled that he did not have jurisdiction to dismiss the counterclaim, and specifically reserved that issue for disposition by the superior court. The superior court subsequently ruled that, since the issues raised by appellant did not relate to the instant condemnation, those issues could not be raised by way of counterclaim. The trial court certified its order for immediate review, and this court granted appellant's application for interlocutory appeal so as to further clarify the scope of eminent domain proceedings.

It is well settled that, when a condemnor institutes condemnation proceedings, all legal and equitable issues relating to the taking must be litigated in those proceedings, and the condemnee cannot bring a separate action to dispose of those matters. *Hendley v. Housing Auth. of Savannah*, 160 Ga. App. 221 (286 SE2d 463) (1981); *Nodvin v. Ga. Power Co.*, 125 Ga. App. 821 (189 SE2d 118) (1972); *Phillips v. Ga. Power Co.*, 225 Ga. 289 (168 SE2d 150) (1969). In condemnation proceedings, however, there are only two elements of damages to be considered: " '[F]irst, the market value of the property actually taken; second, the consequential damage that will naturally and proximately arise to the remainder of the owner's property from the taking of the part which is taken and the devoting of it to the purposes for which it is condemned . . . [Cits.]' [Cit.]" *Dept. of Transp. v. Simon*, 151 Ga. App. 807, 810 (261 SE2d 710) (1979), aff'd *Simon v. Dept. of Transp.*, 245 Ga. 478 (265 SE2d 777) (1980). In this context, consequential damages are those which are a continuous and permanent incident of the taking in the present action. *Fountain v. DeKalb County*, 154 Ga. App. 302 (267 SE2d 903) (1980); *MARTA v. Datry*, 235 Ga. 568 (220 SE2d 905) (1975).

In the case at bar, the alleged damage upon which appellant's counterclaim is based was incurred as a result of corrosion and other problems relating to the pipeline *already existing* on appellant's land. Such damages are not a consequence of the instant taking, but of a previous taking by appellee. Accordingly, the issues raised in appellant's counterclaim are properly cognizable in an independent suit for damages, and may not be raised in the current condemnation proceedings. See *Fountain v. DeKalb County*, supra; *Simon v. Dept. of*

*Transp.*, supra; *Southwire Co. v. Dept. of Transp.*, 147 Ga. App. 606 (249 SE2d 650) (1978).

Appellant contends that its claim for damages and injunctive relief is so "intertwined" with the current condemnation proceedings that it amounts to a compulsory counterclaim under OCGA § 9-11-13 (a), which appellant asserts is applicable to these special statutory proceedings by virtue of OCGA § 9-11-81. Appellant relies on *Ga. Power Co. v. Jones*, 122 Ga. App. 614 (178 SE2d 265) (1970), for the proposition that a counterclaim based on the same transaction or occurrence as the condemnor's claim is compulsory and must be raised at the condemnation proceeding. In *Jones*, however, this court expressly declined to decide that issue, because in that case there had been no showing that the counterclaim had accrued prior to the institution of the condemnation action. Moreover, as previously discussed, the counterclaim in the instant case arises out of a prior taking and not the taking which constitutes appellee's current claim. "Though the law generally favors the prevention of a multiplicity of actions, it appears that condemnation law in Georgia rather strictly limits the relevant evidence in condemnation cases and therefore separate suits for different kinds of damages are not uncommon." *Simon v. Dept. of Transp.*, supra, 245 Ga. at 479.

The trial court did not err in dismissing appellant's counterclaim. *Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED APRIL 5, 1984.

*William H. Hedrick*, for appellant.
*James V. Davis, Richard Hall*, for appellee.